SCHOOL DISTRICT OF THE CITY OF HASTINGS, PLAINTIFF AND APPELLANT, V. CALDWELL, HAMILTON & CO. DEFENDANTS AND APPELLEES.

1. **Practice:** PETITION. A plaintiff can recover only on the cause of action stated in his petition. It is not the province of a reply to introduce new causes of action.

2. **Judgment:** JURISDICTION: PRESUMPTION. Every presumption is in favor of the regularity of the proceedings of a court of general jurisdiction. It is presumed to have jurisdiction to give the judgments it renders.

3. ———: TRANSCRIPT. A judgment is the final determination of the rights of the parties to an action. A duly certified copy of such judgment is a transcript thereof within the meaning of the statute which provides for the filing of transcripts of judgments.

4. **Officers:** PRESUMPTION. The law presumes that officers having been charged with the performance of a duty have discharged that duty correctly, and such presumption continues until the contrary is shown.

APPEAL from the district court of Adams county. Heard below before MORRIS, J.

*O. B. Hewett* and *Batty & Ragan*, for appellant.

*Dilworth & Smith*, for appellees.

REESE, J.

This action was brought by the plaintiff in the district court of Adams county to restrain the defendants from selling the real estate described in the plaintiff's petition. The facts are as follows:.

On the 18th day of October, 1877, the defendants recovered a judgment against W. W. Fitchpatrick, J. M. Fitchpatrick, and J. S. McIntyre, in the district court of Lancaster county, for the sum of $1,053.33, and on the 10th day of December of the same year, a transcript of said judgment was filed in the office of the clerk of the district court of Adams county. On the 13th day of January, 1878, J. S. McIntyre, one of the judgment defendants, sold and conveyed the real estate in dispute to A. F. Boston, who, on the 14th day of November, 1879, conveyed it to R. A. Batty, and he afterwards conveyed it to the plaintiff. On the 14th day of August, 1882, an execution was issued on said transcript and levied on said real estate as the property of said J. S. McIntyre, the sale of which the plaintiff enjoined. Upon trial in the district court, the injunction was dissolved, and the case dismissed. The plaintiff appeals to this court.

The petition alleges that said judgment is not a lien on said real estate, for the reason that the instrument pur-

porting to be a transcript of the judgment rendered by the district court of Lancaster county does not show that the court had any jurisdiction over the said J. S. McIntyre, and that the pretended judgment was not docketed on the court records of Adams county, nor entered in the general index of judgments of said court, was not a lien on the real estate of the said J. S. McIntyre, and that the plaintiff purchased said property without any knowledge of the existence of said judgment.

To this petition, the defendants answered, setting up their judgment, alleging it was still in full force, the filing of the transcript, that it was properly indexed, and that, at the time of the filing of said transcript, the said McIntyre was the owner of the property, and their judgment was a lien thereon.    The plaintiff replied, alleging that said judgment was fully paid and satisfied prior to the issuance of the execution, and that said payment and satisfaction was made by the payment of $290.20 on the 4th day of September, 1878, and by three promissory notes, executed by said McIntyre, with J. B. McIntyre as surety, each of said notes being for the sum of $287.33, and that said notes were given and received in full satisfaction of said judgment, and had been since paid in part, the unpaid notes being still held by the defendants.

On the trial of the cause, the plaintiff sought to prove this allegation of the reply, to which objection was made and the testimony rejected.    Without stopping to enquire whether this question is or is not properly before the court, we will say that if the fact exists, it is clear that it is one of the elements of the plaintiff's cause of action, and should have been alleged in the petition.    "A plaintiff can recover only on the causes of action stated in his petition.    It is not the province of a reply to introduce new causes of action. This can be done only by amendment of the petition." Maxwell's Pleading and Practice, 108.    *Durbin v. Fisk,* 16 Ohio State, 534.    If the judgment has been paid, it

should have been so alleged in the petition, so that the proper issue could have been formed upon that question, and tried as other issues tendered by the plaintiff in an action are tried. This not being done, there was no error in the ruling of the court. It is further urged that the testimony should have been admitted for the purpose of ascertaining the facts, in order to save to the plaintiff the benefits arising from the collateral securities held by the defendants, if the notes referred to were not received as payment. The same answer must be made to this as to the preceding proposition. There is nothing in the issues of the case which would warrant such action on the part of the court.

The next question presented is, that the transcript is not sufficient to create a lien on the property of the judgment defendant, and that there was no lien thereon at the time of the purchase from him by the plaintiff's grantor. The transcript is a certified copy of the journal entry of the district court of Lancaster county, in which the judgment is rendered against McIntyre. No reference is made to the service of any process upon him, nor of any appearance having been made by him, nor any default having been entered against him. It is claimed by plaintiff that there is no such presumption as to jurisdiction as will make the judgment a lien upon land in Adams county by virtue of this transcript. The entry recites that "it having been made to appear to the court that the defendant, J. S. McIntyre, is liable as surety for the co-defendants, W. W. Fitchpatrick and J. M. Fitchpatrick, it is hereby certified that W. W. and J. M. Fitchpatrick are principal debtors, and J. S. McIntyre, surety in the above judgment." Section 511 of the civil code provides that in all cases of this kind, if "it shall be made to appear to the court, by parol or other testimony, that one or more of the persons so bound signed the same as surety or bail for his or their co-defendants, it shall be the duty of the clerk of said court,

in recording the judgment thereon, to certify which of the defendants is principal debtor, and which are sureties or bail." It must be presumed that these facts were "made to appear" to the court by the party interested in the matter, and J. S. McIntyre was the only person having any such interest.

It must be presumed that the court rendering the judgment acted rightly. "All intendments of the law are in favor of its acts. It is presumed to have jurisdiction to give the judgments it renders until the contrary appears. And this presumption embraces jurisdiction, not only of the cause or subject matter of the action in which the judgment is given, but of the parties also." 4 Wait's Actions and Defenses, 193, and cases there cited. *Prince v. Griffin,* 16 Iowa, 552.

The law of this state defines a judgment to be "the final determination of the rights of the parties in an action." Civil Code, sec. 428, and it is provided by section 429 a "that the transcript of a judgment of any district court in this state may be filed in the office of the clerk of the district court of any county, and such transcript shall be a lien on the property of the debtor in such county where the transcript is filed in like manner as in the county where such judgment was rendered." A transcript of a judgment is a copy of a judgment. The judgment is the final determination of the rights of the parties. We are therefore of the opinion that the transcript, although somewhat informal, is sufficient.

The plaintiff claims that the judgment was not indexed in the general index of judgments, as it should have been, or, rather, that it was not indexed at all at the time of the purchase by the plaintiff's grantor. The basis for this conclusion is the fact that the transcript was filed on the 18th day of October, 1877, and that it is entered on the index after a judgment which was rendered May 25, 1878, after the deed from McIntyre to the plaintiff's grantor. The

next on said index being the entry of a transcript of a judgment in another case which was filed August 3, 1878. There was no testimony introduced by either party to explain this irregularity of the index; neither was any proof introduced to show that the entry was in fact made after the date of the deed from McIntyre. The creation of a judgment lien does not depend upon the matter of indexing the judgment. The lien is perfected by the filing of the transcript or entering of the judgment, but in order to give third parties notice of the existence of such lien it is necessary to index the judgment in the proper index. If the entries comply substantially with the requirements of the statute, immaterial inaccuracies of the clerk in making the entries will not defeat the lien of a judgment. *Hesse v. Mann*, 40 Wis., 566. If the entry had been made in the index prior to the purchase of the land from McIntyre, then the grantor took it subject to the lien of the judgment, for he would, in that case, be charged with notice of its existence. The presumption is that the officer did his duty in making the entry at the proper time, and the mere fact that a prior entry bears a later date will not rebut that presumption. It is possible the error occurred in the previous entry. In the absence of proof showing that this entry was not on the record at the time of the execution of the deed by McIntyre, it must be presumed it was there, and the irregularity shown does not furnish such proof.

The decree of the district court dismissing the case is affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., concurs.

COBB, CH. J., having been counsel in a collateral proceeding, did not sit.