Savage v. Aiken.

WILLIAM E. SAVAGE, ADMINISTRATOR OF THE ESTATE OF CHARLES A. SAVAGE, PLAINTIFF IN ERROR, v. JONAS B. AIKEN, DEFENDANT IN ERROR.

1. **Money Had and Received:** EVIDENCE: FOREIGN JUDG-MENT. On the 26th day of July, 1886, plaintiff instituted this action against defendant upon a count for money had and received. Upon the trial, for the purpose of sustaining his case, he introduced evidence tending to prove an account stated on the 12th of August, 1871. He also introduced a stipulation entered into between the parties, in a suit pending in the circuit court of Adams county, Illinois, dated October 25th, 1877, whereby defendant consented to a judgment in that action. The stipulation was admitted over the objection of defendant; *Held, Error,* as not tending to prove the allegations of the petition.

2. **Pleadings:** REPLICATION. A plaintiff can recover only on the cause of action stated in his petition. It is not the province of a reply to introduce a new or different cause of action from that stated in the petition.

3. **Account Stated:** INTEREST. Where an action is prosecuted upon an account stated by a defendant, and in which he charges himself with interest on money in his hands at the rate of ten per cent per annum, this will imply a promise to pay interest at that rate, if the proof shows the statement to have the effect of an account stated.

4. **Money Had and Received:** EVIDENCE: PLEADINGS. If in an action for money it is shown that payments have been made or money collected upon the same account after the commencement of the suit, by judgment in a foreign court or otherwise, the recovery can only be for the balance remaining due. But before a defense of that kind can be made, the issue must be presented in the pleadings.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Wm. H. Berry* and *A. Hardy,* for plaintiff in error.

*Hazlett & Bates* and *L. W. Colby,* for defendant in error.

REESE, J.

This action was commenced in the district court of Gage county, on the 26th day of July, 1876. The allegation of the petition is "that on the first day of July, 1876, the defendant, Charles Savage, was indebted to the plaintiff in the sum of eleven thousand dollars for so much money by the defendant had and received for the use of the plaintiff, and which said sum of money was then due and payable, yet the defendant has not paid" the same, etc. An attachment was obtained on the ground of the non-residence of Savage, and his real estate was levied upon and sold.

It is developed by the evidence that C. A. Savage, the defendant in the action, now deceased, resided in Quincy, Illinois, the plaintiff therein in New Hampshire, and that considerable correspondence was had between them, each knowing the residence of the other, and that Savage had on two or three occasions sought to sell Aiken the lands in this state on his indebtedness to him. Apparently without noticing these offers, Aiken caused the attachment proceedings, without Savage's knowledge, and purchased the land at sheriff's sale. After the sale he sent the original claim to an attorney with instructions to bring suit for the whole amount, which was done, and on the 27th day of October, 1877, a written stipulation for judgment, signed by Savage, was filed and on which a judgment for seventeen thousand dollars was rendered. A few days afterward, but during the same term of court, defendant in error notified his attorneys that the Nebraska lands had been sold for "something over five thousand dollars," and directed that that amount should be deducted from the judgment. The attorney notified Savage of the fact, made the deduction and caused the judgment to be finally entered for $11,073.-33. The deduction, however, was made prior to giving the information to Savage. This was the first that Savage knew of the proceedings in this state. There seems to have

been nothing in Savage's conduct to warrant this duplicity on the part of defendant in error; but, as its consideration is not of vital importance, we need not notice it further at this time. It is proper, however, to remark that courts of justice are established for the purpose of protecting rights and enforcing remedies in a legitimate method, and not for the purpose of aiding designing men to take undue and dishonest advantages of others by reason of the liberal provisions of our laws.

Subsequent to this, Savage applied to the district court of Gage county to open the judgment under the provisions of section 82 of the civil code, and upon the opening of the judgment he filed his answer, in which he denies the indebtedness and alleged, in substance, that in the year 1863 plaintiff and defendant entered into a copartnership in the business of buying and selling lands in the state of Missouri; that by the terms of said copartnership plaintiff was to furnish the capital necessary to carry on the business, and defendant was to do all other things necessary in conducting it; that plaintiff furnished $11,400, which was invested in real estate; but that, contrary to the provisions of their contract, defendant was compelled, for the purpose of carrying on the business, to employ his own means in the payment of taxes and other expenses; that the last business transacted by said firm was in the year 1869; that subsequent to that year and prior to the first day of January, 1871, plaintiff had received from said firm $9,613.75; that no settlement of the business of said firm had ever been had, and that on a fair accounting but a trifling sum, if anything, would be found due plaintiff from defendant. The statute of limitations is also pleaded in the usual form.

On the 8th of March, 1884, the death of defendant was suggested, and on the 21st day of December, 1885, the final order of revivor was made and the cause revived in the name of plaintiff in error, as administrator of the estate of Charles A. Savage, deceased.

On the first day of June, 1886, defendant in error filed a reply by which he alleged, as answer to the first defense contained in the answer, that an accounting was had between plaintiff and Charles A. Savage, in his life-time, of the money furnished by defendant in error and property sold by Savage, and that the amount due and owing by Savage was agreed to, and that an account was stated between plaintiff and Savage, and on the 12th day of August, 1871, a statement thereof was made by Savage to plaintiff. The defense of the statute of limitations was denied, and sundry payments and acknowledgments in writing alleged.

It is further alleged that after the commencement of this action and after the real estate owned by Savage, to the amount of $5,226.76, had been sold, plaintiff brought suit on the same cause of action set out in his petition in this case, in the circuit court of Adams county, in the state of Illinois; and that on the 3d day of October, 1877, Savage acknowledged in writing, the indebtedness sued upon in this action, and signed a stipulation therein which was filed and made part of the record in said cause, but by agreement in open court $5,226.67 was deducted from the amount agreed to be due from defendant to plaintiff in that action; and that by such action defendant is estopped to defend further in this action. All other allegations of the answer are denied.

It seems that some objection was made to this reply, and on the 2d day of June, 1886, defendant in error took leave to file a supplemental petition, but for some reason it was never filed.

On the trial a witness was called who identified a paper, known as exhibit "A" in the record, as the writing and signature of the deceased. It consists of a statement of the account between him and defendant in error. By it it is shown that at that time, according to the accounts of deceased, there was $14,442.15 due defendant in error

"on account of Missouri lands." This instrument was offered for the purpose of showing a closing up and settlement of their partnership matters, and proving an account stated. This was objected to as incompetent and barred by the statute of limitations. The objection was overruled. We think this ruling of the court was correct. The paper did have a tendency to prove the statement of the account between the parties, and if accepted as such and so treated by defendant in error, both parties would be bound by it in the absence of fraud or mistake. *McKinster v. Hitchcock,* 19 Neb., 100. The instrument was therefore competent to prove the act of Savage in stating the account, as well as to prove the terms of the statement. In case it was followed by proof of such conduct on the part of defendant in error as would bind him, the evidence would be sufficient to submit to the jury. The objection that it was barred by the statute of limitations could not be sustained, for the reason that, according to the issues, it was necessary to prove the indebtedness and follow up the proof with evidence of subsequent payment, acknowledgment, or promise sufficient to remove the bar. The question of limitation would then be one of fact for the jury upon the whole case.

Other instruments in writing, such as letters, statements, etc., from Savage to plaintiff in error, were introduced and received in evidence over the objection of plaintiff in error; but we do not deem it necessary to notice any of them, except the one referred to in the record as "plaintiff's exhibit I."

This is the stipulation referred to in the reply. It is as follows:

"Jonas B. Aiken,⎫ In the circuit court
   v. ⎬   of
"Charles A. Savage.⎭ Adams county, Illinois.

"It is agreed that the amount due and owing from me to the plaintiff upon the account sued on in this case is seven-

39

teen thousand (17,000) dollars, and that judgment may be entered for that sum and costs of suit. Dated October 25, 1877.                    C. A. SAVAGE."

The stipulation was filed two days later and a judgment was entered for the amount named. This evidence was offered and admitted over the objections of plaintiff in error in the evidence in chief offered by defendant in error in support of the allegations of the petition.

We are unable to see how this paper could have been admissible—especially at that stage of the trial. It did not support any allegation of the petition, for it was not in existence for more than a year after the petition was filed, and hence could have been admitted only in support of a supplemental pleading, if at all. Civil code, sec. 145. It is true that the fact was alleged in the reply, but "a plaintiff can recover only on the cause of action stated in his petition. It is not the province of a reply to introduce new causes of action. This can only be done by amendment of the petition." *Hastings School District v. Caldwell, Hamilton & Co.*, 16 Neb., 68. Maxwell's Pleading and Practice, 108. *Durbin v. Fisk*, 16 O. S., 534. Or by supplemental pleading. Section 145, civil code. The making of that stipulation was, in no sense, an acknowledgment of the cause of action stated in the petition in *this* suit, for it affirmatively appears that, at the time the suit was commenced in Illinois, the attorney for defendant in error did not have the statement of account here relied upon; and from the stipulation itself, it appears that that action was upon an account. Again, it is difficult to see how a confession of an indebtedness of $17,000, if upon the same cause of action, could support an allegation of indebtedness made fifteen months before, of $11,000. Under the pleadings the stipulation should not have been admitted, and its admission was clearly error.

It is claimed that the judgment is excessive, and that no more than six per cent per annnm could be allowed as in-

terest.   If it be established to the satisfaction of the jury that the statement rendered August 12, 1871, in connection with the conduct of defendant in error, amounted to an account stated, then, as Savage charged himself with interest at the rate of ten per cent, his estate would be bound by it and that rate should be allowed.

On the trial the defense offered to prove the amount of property obtained by defendant in error under the Illinois judgment.   This was excluded, and we think rightly. There was no issue of that kind presented by the pleadings. If money has been realized upon that judgment, it should be deducted from the indebtedness and a judgment rendered for what is due, if anything.   But this can only be done by presenting the issue by the proper answer.

The judgment of the district court is reversed and the cause remanded for further proceedings, with leave to the parties to file supplemental or amended pleadings if they desire to do so, upon such terms as may be prescribed by the district court.

REVERSED AND REMANDED.

THE other judges concur.