WIGTON & WHITHAM v. WILLIAM G. SMITH.

FILED NOVEMBER 19, 1895.    No. 7509.

1. **Action Against Attorneys to Recover Money Collected:** CONTRACT: PLEADING: INSTRUCTIONS. The plaintiff in his petition alleged that the defendant, an attorney at law, had received from the clerk of a district court the sum of $—— for his, the plaintiff's, use; that he had demanded said money of defendant and the latter had refused to pay it over, and that said defendant had not come into the possession of said money by virtue of any contract with him, the plaintiff. The defendant answered admitting the receipt and retention of the money sued for; that it was paid to said clerk of the district court by a railroad company in satisfaction of a judgment obtained against it by the plaintiff; that defendant was plaintiff's counsel in that case, and that the money sued for was the amount of compensation which the plaintiff agreed the defendant might retain out of said judgment for his services in obtaining it. On the trial the district court instructed the jury as follows: "You may by your verdict allow the defendant such amount for his services and expenses as you may believe from a fair consideration of all the testimony in the case he is entitled to receive." *Held,* That the plaintiff, under the allegations in his petition, was entitled to recover all the money for which he sued or none; that the defendant, under the allegations of his answer, was entitled to retain all the money in his hands or none, and that, therefore, the instruction was erroneous.

2. **Pleading.** A plaintiff must recover, if at all, on the cause of action stated in his petition. It is not the province of a reply to introduce new causes of action. *Hastings School District v. Caldwell,* 16 Neb., 68, and *Savage v. Aiken,* 21 Neb., 605, followed.

ERROR from the district court of Madison county. Tried below before ROBINSON, J.

*Wigton & Whitham, pro se.*

*H. C. Brome* and *Mapes & Hazen, contra.*

RAGAN, C.

In the district court of Madison county William G. Smith recovered a judgment against Wigton & Whitham, a copartnership engaged in the practice of law, and they have brought such judgment here for review. To a proper understanding of the errors assigned for a reversal of this judgment it becomes necessary to summarize the pleadings.

Smith in his petition alleged that on the 23d day of March, 1888, Wigton & Whitham received from the clerk of the district court of Platte county the sum of $10,795.25 for his, Smith's, use; that before the filing of his petition he had demanded the payment of said money from Wigton & Whitham and they had refused to account for and pay over any of said money except the sum of $7,668.50, leaving a balance due Smith of $3,126.75; that said Wigton & Whitham obtained said money from the clerk of the district court of said Platte county by virtue of no contract with him, Smith.

Wigton & Whitham in their answer alleged that in September, 1881, Smith was the owner of a claim or cause of action for damages against a railroad company; that he then employed Wigton as his attorney to collect said claim from said railroad company by suit or compromise; that he, Smith, agreed to advance and pay all expenses and costs incurred by Wigton in the prosecution or settlement of such claim, and to pay Wigton as compensation twenty per cent of all the money received from said railroad company on account of said claim; that Wigton accepted said employment and undertook the collection of said claim on the express condition that Smith would advance and pay the expenses and costs necessarily incurred by Wigton in the settlement or prosecution of the claim; that Wigton

was unable to effect a compromise of the claim, and in July, 1882, brought suit for Smith against the railroad company; that Smith failed and neglected to advance or pay any of the expenses or costs incurred by said Wigton in the prosecution of said suit, and that he, Wigton, was compelled to and did advance and pay such costs and expenses; that the suit brought by Wigton against the railroad company was by the district court of Madison county dismissed; that Wigton, or Wigton & Whitham, prosecuted to the supreme court of Nebraska a petition in error to reverse said judgment of dismissal, and that said supreme court did reverse the said judgment of dismissal of said case, and thereupon it was agreed between Wigton and Smith that the contract existing between them in reference to the collection of Smith's claim for damages against said railroad company should no longer be in force.   In September, 1885, a new contract was entered into between Smith and Wigton & Whitham, in and by which they agreed to prosecute the action of said Smith against said railroad company to final judgment and collect the judgment when obtained, and to loan to Smith the money necessary to pay the costs and expenses, including the costs and expenses already advanced by Wigton, that might be incurred in the future prosecution of the case; that if such action should be terminated by one trial in the district court, Smith should pay Wigton & Whitham, as compensation for their services, forty per cent of the amount of the judgment recovered and collected; if the case should be tried more than once in the district court, or if the case should again be taken to the supreme court, Smith was to pay Wigton & Whitham for their services a sum equal to fifty per cent of the judgment recovered and collected; that when the suit was finally terminated Wigton & Whitham should collect the judgment, deduct therefrom whatever should be owing to them for moneys loaned by them to Smith, and to pay the costs and expenses of carrying on said litigation; that in case Smith

should finally fail to recover, Wigton & Whitham should have nothing for their services; that said case was tried the second time in the district court of Madison county and resulted in a verdict for Smith; that this verdict was, on motion of the railroad company, set aside and a new trial ordered; that in 1886 a change of venue was taken in said case and the same removed to the district court of Platte county, where it was again tried in January, 1887, and resulted in a verdict in favor of Smith in the sum of $10,000; that the railroad company prosecuted a petition in error to the supreme court to reverse this judgment; that the supreme court affirmed the judgment on the 6th of January, 1888; that on the 23d day of March, 1888, the railroad company paid to the clerk of the district court of Platte county the sum of $10,795.25 in full of said judgment; that Wigton & Whitham received the amount of such judgment from the clerk of the district court of Platte county; that they deducted from the same $344.80, the amount of money advanced and paid by them for Smith for costs and expenses, and paid one-half of the remainder, to-wit, $5,225.48, to Smith, as per the terms of their contract.

To this answer Smith replied: An admission that he employed Wigton in 1881 to collect his claim against the company; that he agreed to pay him for his services twenty per cent of the money collected; that in 1883 Wigton stated to him, Smith, that he would not further prosecute the suit against the railroad company unless Smith would agree to pay him a sum equal to forty per cent of the amount recovered; that he was compelled to and did agree to pay said Wigton forty per cent of the amount recovered; that such agreement was without consideration. The other averments of the reply amounted to a general denial of the allegations of the answer.

It is obvious from these pleadings that Smith, under the allegations of his petition, was entitled to recover all the money for which he sued, or none at all. Having alleged

in his petition that the money for which he sued was received by Wigton & Whitham from the clerk of the district court of Platte county for his use, and not by virtue of any contract existing between him and Wigton & Whitham, his case must stand or fall on the allegations of that petition. The averments of his reply cannot be looked to to help out his petition. A plaintiff must recover, if at all, on the cause of action stated in his petition. It is not the province of a reply to introduce new causes of action. (*Hastings School District v. Caldwell,* 16 Neb., 68; *Savage v. Aiken,* 21 Neb., 605. Wigton & Whitham having admitted the receipt of the amount of the judgment rendered in favor of Smith against the railroad company, having admitted that they retained in their hands fifty per cent of the judgment collected, and having pleaded that they did and do so under and by virtue of an express contract with Smith, if this averment of their answer was established, they were entitled to a verdict in their favor and a judgment dismissing Smith's cause of action. If the contract pleaded by Wigton & Whitham in their answer was not established, the judgment should have been against them for all the money claimed by Smith in his petition.

While the jury was deliberating upon its verdict it made in writing this inquiry of the district judge: "Can the jury allow Wigton & Whitham their expenses in railroad cases if only allow forty per cent? A. J. Stafford, Foreman." To this inquiry the court answered in writing as follows: "You may by your verdict allow the defendants such amount for their services and expenses as you may believe from a fair consideration of all the testimony in the case they are entitled to receive." This instruction was erroneous, and the verdict of the jury being for about one-half the sum sued for, shows on its face that the instruction was prejudicial to Wigton & Whitham. There was no issue in the case as to what the services rendered by Wigton & Whitham for Smith were reasonably worth. There was no

34

claim made in either pleadings or evidence by any party to
the suit that Wigton & Whitham were or were not entitled
to retain out of the Smith judgment such an amount of
money as would be a reasonable compensation to them for
the services they had rendered him. As already stated,
Smith's claim in his petition was that they had and held
in their possession the entire judgment collected, less the
amount they had paid him, for his use; that he had de-
manded this money of them and that they had refused to
pay it over. In other words, the petition of Smith was
framed upon the theory that Wigton & Whitham had been
guilty of a tort in collecting and retaining this judgment.
On the other hand, Wigton & Whitham claimed the right
to retain the money for which they were sued under and by
virtue of an express contract with Smith, and there was no
room in this case, under any view of the pleadings, for the
court to tell the jury that they might fix the value of the
services of Wigton & Whitham at such an amount as the
jury might believe from the evidence they were entitled
to receive. (*Mayer v. Ver Bryck*, 46 Neb., 221.)

The judgment of the district court is reversed and the
cause remanded with instructions to the district court to
grant the parties to the suit leave to replead if they so
desire.

REVERSED AND REMANDED.