BENJAMIN T. SNYDER v. JAMES W. JOHNSON.

FILED JUNE 3, 1903. No. 12,885.

1. **Pleading: REPLY.** It is not error to strike from a reply matter setting out a new cause of action, held by plaintiff against the defendant, different from and in addition to the one contained in the petition, even though such matter might constitute a valid and proper counter-claim as against the counter-claim in the answer, provided the latter had been pleaded as the foundation of an original action.

2. ——: ——. Where the warranty of property sold is indorsed as a condition upon the notes given for it, and plaintiff brings

suit on the notes and sets forth the condition in his petition, without objection, explanation or request for reformation, it is not error to strike from his reply matter impeaching the original consideration for the condition, when the reply states that the indorsement was a condition for signing the notes.

3. ———: ANSWER: WARRANTY. Although it appears from defendant's answer, that the warranty, on which he bases his counterclaim, was made upon property sold to him jointly with another, where he had given his separate notes for his part and alleges that they were in consideration of a personal warranty to himself of the property, it is for the other party to negative this, if he can, and show that there was no separate personal warranty to the defendant, and that such agreement which might have been made was a general one in favor of both vendees.

4. Trial to Court: GENERAL FINDING. On a general finding for the defendant in a trial to the court, where the evidence is not preserved and there is no special finding inconsistent with such general finding, if the answer sets forth a defense, the judgment of the trial court must, in the absence of error in making up the pleadings, be upheld.

5. Warranty: Where a warranty, accompanying a sale of property, was indorsed as a memorandum on each of two notes given for the property, and on the first was added to the warranty that a breach should avoid the note, but on the second no such condition was added, the fact of the condition being on only the first note does not, of itself, limit the liability on the warranty to avoidance of that note.

ERROR to the district court for Sherman county: HOMER M. SULLIVAN, DISTRICT JUDGE. *Affirmed.*

*Richard J. Nightingale,* for plaintiff in error.

*Elliott J. Clements, Thomas S. Nightingale* and *J. S. Pedler, contra.*

HASTINGS, C.

This action is upon two promissory notes each originally drawn for $75, upon one of which was indorsed at the date of its making $15, and upon the other $10. On the back of the first note appeared the following memorandum:

"I, B. T. Snyder, guarantee the stallion Lord Belton to be all right every way and a good average foal getter, if

not, this note is void, if the horse is properly fed and cared for."

On the back of the other note was this memorandum:

"I, B. T. Snyder, guarantee the stallion Lord Belton to be all right every way, a good average foal getter, if properly fed and cared for."

These memoranda appear in the copies of the notes attached to the petition without explanation or reference, except the statement that they are copies of the notes with all indorsements.

The defendant Johnson answered, admitting the execution of the notes; admitting indorsements of $15 and $10, respectively; alleged the presence of the above memoranda; alleged that the notes were given in part payment for a stallion bought by the defendant, together with one Grant Henry, from the plaintiff, at the date of the notes; that the notes had been originally written for an amount in excess of what was due, and the indorsements were not because of a payment, but made in order to correct the amount; that property to the value of $120, in addition to these notes, was given by defendant to plaintiff for a half interest in the horse; that, at the time of the purchase of the horse, he was warranted by the plaintiff to the defendant in the terms of the memoranda; that he was not sound and all right and not a good average foal getter, though properly fed and cared for, and was worth not to exceed $50, though, if he had been as guaranteed, he would have been worth $490; that defendant was damaged by the failure of such warranty in the amount of $245.

Plaintiff denied all of this answer, excepting admissions; admitted the memoranda on the note; admitted the sale of the horse and the receipt of property from Henry for one-half of his price, and property from the defendant to the agreed value of $120. Plaintiff further replied with a long allegation that he took from the defendant two colts at the valuation of $80, that he had not seen the colts and relied entirely upon defendant's representations, and that they failed to comply with such representations, and were not

worth more than $40 instead of the $80 at which they were taken; that he took a $40 note against one Huckleberry from the defendant on the defendant's representation of Huckleberry's solvency, which proved to be false and the note worthless, to plaintiff's damage in the sum of $40. It was further alleged that the memoranda on the notes were placed there without consideration and subsequent to the sale of the guaranteed horse, and because the defendant refused to sign the notes or to deliver up the property which he had agreed to turn over to plaintiff for the horse, until such memoranda were placed there; that they were placed there without consideration and were of no binding effect. These allegations of damage, by reason of the failure in value of the property received by plaintiff from defendant, and of the duress and want of consideration in the making of the memoranda of the guaranty upon the notes, were on motion of the defendant stricken from the reply, and the first error alleged is the striking out of this matter from the reply by the trial court.

That portion relating to the failure of the property received by the plaintiff to comply with defendant's representation, was evidently stricken out on the theory that no new ground of recovery should be injected into the action by way of reply. This was evidently in accordance with sound principles and decisions of this court. *Wigton & Whitham v. Smith,* 46 Neb. 461, and cases cited.

The same principles seem to be sufficient to dispose of the allegation with reference to the memoranda; the memoranda appear in the copies attached to the plaintiff's petition; they are there set out as a part of the original notes; if they were not properly a part of the notes and were not representative of the agreement between the parties, it would seem that the facts should have been set up. The matter also is clearly insufficient, because, while it alleges that the memoranda indorsed on the note were placed there against plaintiff's will, and at the demand and by the requirement of the defendant, and as an additional and unwarranted condition before he would turn over the plain-

tiff's property then in his possession, there is no allegation that the contract of warranty contained in the memoranda was not made by the plaintiff to the defendant. The facts set out are entirely insufficient to avoid these memoranda, after the notes had been accepted with them indorsed and sued upon without objection, while still bearing that indorsement. There seems to have been no error in sustaining the motion.

The next error complained of is the overruling of a motion for judgment in favor of plaintiff on the allegations of the pleadings. The answer clearly discloses on its face a defense to these notes, and there was no error in overruling this motion for judgment. Counsel seem to have made it under the supposition that the warranty, alleged in the defendant's answer, is alleged as being one made to himself jointly with the other purchaser, Grant Henry, This is not the allegation in the answer. It alleges a warranty made to the defendant personally.

The next error complained of is that the special findings made by the court are outside of the issues. These findings are that the notes were given in part payment for a horse; that defendant turned over property in part payment for his one-half interest in the horse to more than the horse's value, and that the other purchaser, Henry, turned over property of about $200 value, and that together they paid a good deal more than the value of the horse purchased; that the latter was without value for breeding purposes, and of very little as a work horse; that there was no consideration for the notes. In addition to these special findings, the court found generally for the defendant. A jury was waived at the trial, the evidence has not been preserved, and these special findings are not open to the objections that they are not within the issues. If they were outside of the issues, the general finding for defendant must be presumed to be in accordance with the evidence. These general findings would support the judgment, so long as a good defense is pleaded and the evidence not in the record.

The complaint that the warranty set out was to both defendant and Henry, jointly, and could not, properly, be pleaded as a counter-claim by defendant, alone, is not well founded; the warranty alleged in the answer is the one indorsed in the memoranda on the notes, and is alleged as having been made to the defendant personally. As before stated, in the absence of the evidence we must assume that it supported the plea.

The complaint that the court erred in finding that there was a failure of consideration is apparently based on the proposition, that the allegations of the answer could only be construed as setting up damages by reason of a breach of warranty. It does not seem worth while to consider the proposition. The finding of the court is ample to sustain the judgment on the basis of a counter-claim for damages by breach of warranty. The pleadings show that the horse was purchased for $490; they show that it was purchased for use as a stallion; the finding is that he was of no value for that purpose and of very little for any other. The obtaining of the two colts and the Huckleberry promissory note of $40 from the defendant, for his one-half interest in the horse, in addition to the two notes sued upon, is also established by the pleadings. In the absence of any contrary showing, we are bound to assume that there is evidence to support the court's finding that this warranty was to the defendant personally. If that were true, and this finding represents the facts, as in the absence of any showing to the contrary it must be held to do, then there was no possible ground for any recovery on plaintiff's part against the defendant in this action.

Several of the allegations of error are evidently based on the proposition that, because the memorandum upon the first note stipulated that that note should be void in case the horse did not prove a valuable foal getter, no recovery could be had on the warranty, and this would be the sole penalty in case it failed. The memoranda themselves do not import any such limitation. If there were any such showing in the evidence, the evidence should have been preserved in order to make it available here,

It is recommended that the judgment of the trial court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.