CARL J. HALLNER ET AL., APPELLEES, V. UNION TRANSFER COMPANY, APPELLANT.

FILED MAY 24, 1907.  No. 14,818.

Pleading.  New matter in a reply must be responsive and defensive to new matter pleaded in the answer.  If it is a departure there-from it should upon motion or objection be stricken out or dis-regarded.

APPEAL from the district court for Saunders county: ARTHUR J. EVANS, JUDGE.  *Reversed.*

*Harl & Tinley* and *H. Gilkeson,* for appellant.

*J. L. Sundean* and *Wilson & Brown, contra.*

AMES, C.

The petition alleges, in substance, that the plaintiffs delivered to the defendant for sale, for the plaintiff's use, a steam engine, separator and stacker belonging to the latter, and that afterwards the defendant sold the engine to S. F. Negley and O. M. Anderson, for $1,100,

and, with the consent of the plaintiffs, took therefor to
the defendant's own use the note of the purchasers for
said sum, and by that means became indebted to the plain-
tiffs in that amount, and that afterwards the defendant,
with the consent of the plaintiffs, sold or appropriated to
its own use the separator and stacker, which were of the
reasonable value of $450, and became by that means in-
debted to the plaintiffs in the further sum of $450, making
a total indebtedness of $1,550. And the plaintiffs aver
that of said sum the defendant has paid to them or to
their use the sum of $450 only, in principal amount, leav-
ing an unpaid residue of $1,100, for which and interest
they pray judgment. For answer, the defendant admits
the receipt by it of the three articles for sale, for the use
of the plaintiffs, the proceeds to be applied upon a certain
debt of the latter, but denies having made sale of any of
them, and denies having, by consent or otherwise, become
indebted to the plaintiffs on account of the transaction in
any sum or amount, but the defendant avers that the plain-
tiff sold the engine to Negley and Anderson, receiving in
payment therefor three notes of the purchasers for un-
named amounts and a 10 horse power engine, and that
this latter mentioned engine was delivered to the defend-
ant to be sold for the use of the plaintiffs, but has not been
sold. And the defendant specifically alleges that the en-
gine, separator and stacker still remain in its possession,
subject to an agreement between the parties that the same
shall be sold and the proceeds of the sale of the separator
and stacker applied to the payment of certain indebtedness
by the plaintiffs to the defendant, and the 10 horse power
engine or the proceeds of its sale subject to the order of
the plaintiffs. For a reply, the plaintiffs admit that the
first mentioned engine and separator and stacker were
delivered to the defendant to be sold and the proceeds ap-
plied toward the payment of a debt of the plaintiffs, but
deny that they ever received the purchase-price notes of
Negley and Anderson, amounting to $700 or the 10 horse
power engine, which they aver was of the value of $400,

but they aver that the defendant has converted both the notes and the engine to its own use, and deny "each and every allegation of the answer inconsistent with the petition and this reply." The plaintiffs recovered a verdict and judgment for $600, from which the defendant appealed.

Concerning the new matter pleaded in the reply, we think it must be said that, if it was intended as a charge or tortious conversion, it is inconsistent with the petition, and ought upon motion or objection to have been stricken out or disregarded, and that, if it is treated as consistent therewith, it is immaterial. According to the petition, all articles involved in the suit became, by the agreement or consent of the parties, the property of the defendant, for the amount or value of which it became unconditionally liable to the plaintiffs, and the relation of bailor and bailee theretofore existing between the parties wholly ceased. Now, a person cannot be charged with tortious conversion of property of which he is absolute owner and of which he is at liberty to make such disposition as he sees fit, and in every system of enlightened jurisprudence a person, when sued, either civilly or criminally, has a right to be informed by a formal pleading of the precise nature of the wrong of which he is accused, and to be called upon during the progress of that litigation to respond to no other charge. Section 109 of the code provides that, when the answer contains new matter, the reply may also contain new matter constituting a defense to that contained in the answer. In this instance the new matter pleaded in the answer amounts to no more than that the defendant denies that it has, by consent or agreement of the parties, become the owner of and absolutely liable for the price or value of the articles mentioned in the petition, and avers that it has received them as bailee, and continues liable for such of them as it has not already accounted for, in that capacity, and no other. It is extremely difficult to make out either from the pleadings or from the bill of exceptions what issue it was supposed by counsel for either party was being tried, and the instructions given and refused by the

court are not as illuminating as could have been desired, but the new matter in the reply, if it has any force at all, impliedly admits the version of the transaction set out in the answer, and seeks to recover for a breach of the contract of bailment, such a breach consisting of a tortious conversion of the property, and upon the trial the plaintiffs were permitted to introduce evidence of a like conversion of the remainder thereof without pleading. This was obviously a very wide departure from the case made in the petition, and ought not to have been permitted. The court, over the objection and exception of the defendant, submitted the question of conversion to the jury, and refused an instruction asked by it withdrawing that question from their consideration.

We think that the judgment ought to be reversed and a new trial ordered, in the hope that the issues will be reformed and the cause resubmitted in a more intelligible manner.

JACKSON, C., concurs.

CALKINS, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.