JOHN D. LIVANIS, APPELLANT, V. NORTHPORT IRRIGATION DISTRICT, APPELLEE.

FILED OCTOBER 10, 1930. NO. 27067.

*T. F. Neighbors, Coulter & Atkins* and *Morrow & Morrow,* for appellant.

*R. O. Canaday, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This is an action to recover damages for injury to crops caused by seepage water, resulting from the operation of the defendant's irrigation works, including the application of water to plaintiff's land by lease, and other lands within the district. From a judgment on the pleadings in favor of defendant, plaintiff appeals.

The defendant attempted to prosecute a cross-appeal to reverse the order of the district court in vacating the judgment first entered in this case. It was entered on March 17, 1926. It was vacated by the court after a hearing, July 2, 1928. The only assignment of error to this proceeding is, quoting from defendant's brief: "The cross-appellant insists that this setting aside of this judgment is not sustained by the evidence." This court has heretofore on November 18, 1929, entered an order quashing and striking from the files the bill of exceptions relative to this phase of the case. The evidence upon which the trial court entered the order is therefore not before the court. In that state of the record, it will be presumed that there was sufficient evidence to sustain the finding of the trial court. Subsequent to the vacation of the first judgment, the trial court, upon a reconsideration of the case, sustained the motion for a judgment upon the pleadings, from which judgment the plaintiff now appeals.

This action was brought by plaintiff to recover damages to his beet crop, which he alleges was destroyed by seepage in 1924. The plaintiff was a tenant upon land within the irrigation district upon which this crop was grown. He seeks to recover his loss upon two theories exemplified in two causes of action. In his first cause of action, he alleges that the defendant, an irrigation district, "operated an irrigation canal by means of which it diverted * * * large quantities of water from the North Platte river," and that "large quantities of water escaped and percolated from said canal through the sides and bottom thereof," and seeped the land on which his crop was growing, thereby causing his damage.

The second cause of action, in addition to the facts stated in the first cause of action, alleges that the damage was the result of certain acts of negligence on the part of the defendant in the construction and operation of the irrigation works.

The defendant filed an answer to the petition of the plaintiff, in which, *inter alia,* it alleges that the irrigation system was constructed, operated and maintained by the

United States of America under the act of congress of June 17, 1902, known as the "Reclamation Law" and acts amendatory thereof and supplemental thereto; that said system is known as the Northport division of the North Platte project, and that said land is within the Northport division and was irrigated from the irrigation system of said Northport division of the North Platte project; that said irrigation works were constructed, operated and maintained by the employees of the department of the interior of the United States government, and that this defendant has no supervision over the construction of said irrigation system or over the operation and maintenance of the same; that said construction, operation and maintenance are paid for by money appropriated by the congress of the United States from the reclamation fund of the United States for that purpose, and that the only function of the district is to levy and collect taxes from the individual water users to reimburse said reclamation fund.

The plaintiff then filed a reply in which he admits that the United States constructed the irrigation works, and sets out the contract of the Northport Irrigation District with the United States, and alleges that the irrigation works were constructed by the United States of America under and by virtue of said contract and have since the construction thereof been operated under said contract.

A motion for judgment on the pleadings was based upon two grounds: (1) That the petition did not state a cause of action; (2) that the petition and reply admit facts constituting a bar to recovery.

The ruling of the court does not state the grounds upon which the motion was sustained. Numerous reasons are argued *pro* and *con* by counsel. However, it appears that the plaintiff alleges a cause of action based upon the assumption that the defendant herein constructed and operated the irrigation works; while in his reply the plaintiff admits that said canal was constructed and operated by the United States under the reclamation service. The reply, after such admission, seeks to establish a contractual liability on the part of the defendant by virtue of a contract

entered into between it and the United States. The pleadings establish the fact that the damage alleged occurred during the time the defendant was not operating or maintaining said works, but was only acting as fiscal agent of the United States with reference to the irrigation project. The petition alleges that the district is liable for damage from the operation of the canal. Then, in the reply, the contract between the district and United States is pleaded. It is urged that the United States was the agent of or contractor for the district. It is urged that the district by virtue of this contract secured the United States to build the works and is therefore liable. These contentions introduce new causes of action. "A plaintiff must recover, if at all, on the cause of action stated in his petition. It is not the province of a reply to introduce new causes of action." *Wigton v. Smith,* 46 Neb. 461. See *Hastings School District v. Caldwell, Hamilton & Co.,* 16 Neb. 68; *Savage v. Aiken,* 21 Neb. 605; *Hallner v. Union Transfer Co.,* 79 Neb. 215.

In the instant case, the petition, contradicted by the admission in the reply and not being aided by the new allegations therein, required the judgment of the trial court. The judgment is accordingly

AFFIRMED.

ROSE and GOOD, JJ., dissent.