ANTONIO BONACCI, APPELLANT, V. THOMAS CERRA, APPELLEE.

279 N. W. 173

FILED APRIL 15, 1938. No. 30168.

*O'Sullivan & Southard* and *George H. Merten,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before GOSS, C. J.; EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and MUNDAY, District Judge.

EBERLY, J.

This is a suit to recover damages for injuries alleged to have been received by plaintiff while riding as a guest in defendant's automobile, due to the latter's alleged gross negligence. A trial to a jury resulted in a verdict and judgment for defendant, and from the order of the trial court overruling his motion for a new trial, plaintiff appeals. For convenience the parties to this appeal will be referred to as they appeared in the trial court.

In this court plaintiff presents but four contentions,

viz.: That the verdict is not sustained by sufficient evidence; and that the court erred in giving instructions 6, 8, and 9 given on its own motion. The last three are combined in plaintiff's argument and presented together.

An examination of the briefs presented in this case discloses that its consideration may be simplified by a determination of the actual issues presented by the pleadings and tried in the district court.

It will be remembered that this jurisdiction has long been committed to the rule that a plaintiff must recover, if at all, on the cause of action stated in his petition. It is not the province of a reply to introduce a new cause of action. *Hastings School District v. Caldwell, Hamilton & Co.,* 16 Neb. 68, 19 N. W. 634; *Savage v. Aiken,* 21 Neb. 605, 33 N. W. 241; *Wigton v. Smith,* 46 Neb. 461, 64 N. W. 1080; *Snyder v. Johnson,* 69 Neb. 266, 95 N. W. 692; *Hallner v. Union Transfer Co.,* 79 Neb. 215, 112 N. W. 334.

"The office of a reply is to deny the facts alleged in the answer as a defense, or to allege matters in avoidance of such defense not inconsistent with the cause of action set out in the petition." *Plummer, Perry & Co. v. Rohman,* 61 Neb. 61, 84 N. W. 600.

In *Kearney County Bank v. Zimmerman,* 5 Neb. (Unof.) 556, 99 N. W. 524, we find the following: "It is contended by appellants, and we think with much force, that the judgment in favor of plaintiff in the court below cannot be sustained unless supported by sufficient allegations in the petition; and that it is not the province of a reply to * * * supply material allegations to the original petition."

And, stating the conclusion of this court in *Livanis v. Northport Irrigation District,* 120 Neb. 314, 232 N. W. 583, the opinion closes with the following: "In the instant case, the petition, contradicted by the admission in the reply and not being aided by the new allegations therein, required the judgment of the trial court."

The conclusion is that the reply must be consistent

with the allegations of the petition, and is not competent to supply or add thereto a material allegation.

It further appears that plaintiff specifically alleged in his petition, upon which this action was tried, that certain acts of commission and omission constituted the gross negligence of which defendant was guilty, which were, in part, incorporated into instruction 1 of the court given in this case in the following form, viz.: "Plaintiff further alleges that while riding in said automobile at said time and place, defendant operated same at an excessive and illegal rate of speed, to wit, seventy miles an hour, and in such a grossly negligent manner that he drove said automobile off the right side of the highway pavement, and then back onto said highway pavement to the left of the center, and then to the right side of the center of the pavement, and then again to the left side of the pavement, and then drove said automobile off the pavement upon and over the left shoulder, and then continued to drive it at said excessive rate of speed, causing said automobile to leave the shoulder on the left side of the pavement, and driven down an embankment, causing it to turn over, and plaintiff to suffer severe personal injuries."

The petition also alleged that the distance traveled by this automobile, while weaving from one side of the roadway to the other, was 150 yards, which, consistent with these allegations, we estimate occupied approximately four seconds of time. This petition is subscribed and sworn to by plaintiff.

Defendant's answer was limited, first, to a proper denial of the charge of negligence; and, second, to the following: "For further answer this defendant alleges that at said time and place he was driving said automobile east on said highway in a careful and proper manner; that at said time a large nail or spike became imbedded in the right rear tire of said automobile, causing same to be suddenly deflated; that this defendant applied his brakes and attempted to slow and stop said automobile, but on account of the deflated tire said automobile became

unmanageable and went off the left side of the road into a ditch, and this defendant alleges that said accident occurred without fault or negligence upon his part, and at a time when he was using his best endeavors to avert an accident."

By instruction No. 3 the jury were informed, viz.: "The plaintiff for reply to the answer of the defendant denies each and every allegation of new matter set forth by defendant in his answer as a defense to plaintiff's cause of action."

By the fourth instruction the jury were informed as to the burden of proof imposed by the issues on plaintiff, which he was required to carry to entitle him to a recovery, and by the fifth instruction gross negligence was defined, and the jury were further instructed therein: "In this action it is incumbent upon the plaintiff to establish by a preponderance of the evidence that the defendant was guilty of gross negligence, as hereinbefore defined, and in the event that plaintiff has failed to so establish gross negligence upon the part of the defendant by a preponderance of the evidence, your verdict must be for the defendant, even though you may find that the defendant was in fact guilty of ordinary negligence or slight negligence in the operation of his automobile."

It will be noted that no attack is made by plaintiff upon the correctness of these instructions.

For the purpose of this review, the jury's verdict determines for this court all questions of conflicting evidence. An examination of this car very shortly after the accident disclosed that this wrecked automobile was on its wheels on the left side of the road (U. S. Highway No. 30) at a point about five miles east of Grand Island, Nebraska, and showed evidence that it had rolled over once or possibly twice. "The right rear wheel (tire) was down" and a nail "about five inches long" was imbedded in it. The time of this occurrence was just after noon. It was a bright, clear day. The car had been proceeding eastward on a straight highway over a dry, smooth, level pavement, 18

feet in width, separated into two halves by a black strip marking the center of the road, and in which highway no defects are disclosed. No obstruction to the view existed and no other automobiles or vehicles were in sight. It appears that the tires were previously in good condition, and had been successfully tested by a journey of 700 miles.

The plaintiff in his brief insists that the speed of the automobile was established, at the time of the accident, as 80 miles an hour; that "in the case at bar there is absolutely no evidence that there was a nail in the tire *before* the automobile left the pavement, and no evidence of swaying or swerving of the automobile on the pavement. * * * All the evidence is direct, positive and un-contradicted that there was no flat tire *before* the defendant Cerra's automobile left the pavement, and there was no swerving of his automobile from side to side." On this basis plaintiff contends that, "while a given condition, shown to exist at a given time, may be presumed to have continued, *there is not, on the other hand, any presumption that it existed previous to the time shown.*" He further insists that, therefore, in the instant case, the nail in the tire, first discovered after the accident, would not support a legitimate presumption that it was the cause of what had happened.

It is thought the circumstances of this case wholly fail to justify these conclusions. It is obvious that plaintiff's contention in his brief that there was no swerving of the automobile from side to side ignores, and is wholly inconsistent with, the clear and definite allegations of his verified petition on which the case was tried. Wigmore states the rule applicable and controlling under the circumstances here presented, as follows:

"The pleadings in a cause are, for the purposes of use in that suit, not mere ordinary admissions, * * * but judicial admissions * * * i. e., they are not a means of evidence, but a waiver of all controversy (so far as the opponent may desire to take advantage of them) and

therefore a limitation of the issues. Neither party may dispute beyond these limits. Thus, any reference that may be made to them, where the one party desires to avail himself of the other's pleading, is not a process of using evidence, but an invocation of the right to confine the issues and to insist on treating as established the facts admitted in the pleadings.

"This much being generally conceded, it follows that a *party may* at any and all times *invoke the language of his opponent's pleading on that particular issue* as rendering certain facts *indisputable*; and that, in doing this, he is on the one hand neither required nor allowed to *offer the pleading in evidence* in the ordinary manner, nor on the other hand forbidden to comment in argument without having made a formal offer; for he is merely advocating a construction of the *infra*-judicial act of waiver of proof." 2 Wigmore, Evidence (2d ed.) sec. 1064.

This doctrine is, in general terms, fully recognized by our Civil Code, Comp. St. 1929, sec. 20-1315.

"In fact admissions in the pleadings cannot be either proved or disproved on the trial, but must be accepted for whatever they amount to in legal effect, without reference to any other evidence that may be adduced." 1 Phillips, Evidence (4th Am. ed.) 795. See, 1 Encyclopedia of Evidence, 422.

"The pleadings in a cause (upon which it is tried) are before the court and constitute a part of its proceedings, without being introduced in evidence. The averments contained in, and the admissions, if any, made by, such pleadings, may be commented upon before the jury in the same manner as any other facts appearing in the cause." *Colter v. Calloway*, 68 Ind. 219.

"Where, in an action to recover a money judgment, the answer of the defendant admits the right of the plaintiff to judgment for any sum, the defendant cannot give evidence contradicting the admission of his answer, nor can the plaintiff introduce the answer in evidence; and it is the duty of the court, regardless of an adverse verdict,

to render judgment for the plaintiff for that sum, without evidence." *New Albany & Vincennes Plank Road Co. v. Stallcup,* 62 Ind. 345. See, also, 1 Greenleaf, Evidence (13th ed.) secs. 27, 205; The Chamberlayne Trial Evidence (Tompkins) 446 *et seq.*

"Statements, admissions and allegations in pleadings (upon which the case is tried) are always in evidence for all the purposes of the trial; they are before the court and jury, and may be used for any legitimate purpose." *Holmes v. Jones,* 121 N. Y. 461, 24 N. E. 701.

*Colter ·v. Calloway, supra,* and *Holmes v. Jones, supra,* were cited to this court in *Woodworth v. Thompson,* 44 Neb. 311, 315, 62 N. W. 450, and were, by implication, approved, though expressly distinguished from the case then under consideration by this court.

Neither can we accept plaintiff's contention as to the rate of speed of the automobile at the time of the accident. True, 80 miles an hour is alleged in the reply, and testimony of plaintiff appears in the record tending to sustain that rate, but plaintiff's petition, verified by him, alleges the speed to have been 70 miles an hour. The instructions of the trial court, in stating the issues, properly followed the petition, and thus the charge of speed is limited to 70 miles an hour. The evidence of the defendant in the record is that the speed of the car at the time of the accident was "about fifty-five or sixty (miles an hour), I guess." The condition of the present record on this point invokes the application of the rule, viz.: "The value of testimony where the witness refuses to testify positively to the facts, is for the jury to determine, and will vary with the surrounding circumstances and the manner and appearance of the witness." *Collins v. Hughes & Riddle, ante,* p. 380, 278 N. W. 888. In view of the entire record, it follows that, the verdict of the jury being adverse to plaintiff, this question is concluded contrary to his present contention.

Neither are we in accord with plaintiff's contention that the facts disclosed by the record are insufficient to

support the conclusion that the imbedded nail deflated the right rear tire of the automobile, and thus caused the accident. The swerving of the car as it passed over the last 150 yards, which plaintiff's pleading establishes as an indisputable fact, in connection with the evidence in the record, affords ample basis for the contrary conclusion, and fully sustains the jury's verdict in the instant case on the theory that the accident was proximately caused by the puncture and deflation of the tire, and that the defendant was not guilty of gross negligence in connection therewith. *Kelly v. Gagnon,* 121 Neb. 113, 236 N. W. 160; *Heesacker v. Bosted,* 131 Neb. 42, 267 N. W. 177; *Seligman v. Hammond,* 205 Wis. 199, 236 N. W. 115; *Cornwell v. O'Connor,* 134 Kan. 269, 5 Pac. (2d) 861; *Anderson v. Anderson,* 142 Kan. 463, 50 Pac. (2d) 995; *Barber v. Gordon,* 111 Cal. App. 279, 295 Pac. 377; *Doggett v. Lacey,* 121 Cal. App. 395, 9 Pac. (2d) 257; *Markussen v. Mengedoht,* 132 Neb. 472, 272 N. W. 241.

We do not overlook plaintiff's contention that the trial court committed error in the use of the term "unavoidable accident" in instruction 6, in the following connection, viz.: "If you find that the accident was caused or brought about without gross negligence on the part of the defendant, or was caused by ordinary negligence or slight negligence on defendant's part, or was an unavoidable accident, your verdict must be for the defendant." It will be noted that no request for instructions on this question was made by plaintiff. Unexceptional instructions were given in this case by the trial court on the burden of establishing actionable negligence imposed by law upon the plaintiff. In this situation it appears that the rule is: "An instruction that plaintiff had the burden of showing defendant's negligence sufficiently submits the defense of unavoidable accident." 10 Blashfield, Cyclopedia of Automobile Law and Practice, 502. See, also, *Larrow v. Martell,* 92 Vt. 435, 104 Atl. 826. Under these circumstances, in Alabama it was held that either a giving or a refusal to instruct to find for defendant, if the

injury complained of was the result of a mere accident, will not be reversible error. *Smith v. Baggett,* 218 Ala. 227, 118 So. 283. In an action where the facts involved invoked similar principles, this court announced the rule, viz.: "Where, in an action to recover for personal injuries, the jury are properly instructed as to the burden of proving the negligence charged as a proximate cause of the injury, failure to further instruct on unavoidable accident not error in the absence of request therefor." *Thomas v. Haspel,* 126 Neb. 255, 253 N. W. 73. It is obvious therefore that, even if the contention of plaintiff be conceded arguendo, the matter is controlled by section 20-853, Comp. St. 1929, and substantial error does not appear.

Therefore, it follows that the judgment of the trial court is correct, and it is

AFFIRMED.