JOHN B. GILMORE, APPELLEE, V. JAMES H. COVER, JR., APPELLANT.

279 N. W. 177

FILED APRIL 21, 1938. No. 30253.

*Cook & Cook,* for appellant.

*R. E. Bannister* and *D. E. Harper, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a suit in equity by vendor to cancel a contract

for the sale of land and to forfeit a payment by vendee on the purchase price.

John B. Gilmore, plaintiff, entered into a contract May 21, 1935, to sell and convey to James H. Cover, Jr., defendant, the northwest quarter of section 12, township 10 north, range 23 west, in Dawson county, for $12,000. The contract was reduced to writing and signed by both parties and by Catherine Gilmore, wife of plaintiff. Defendant paid $1,000 and agreed to assume a mortgage of $4,200 in favor of the Federal Land Bank of Omaha, subject to a second mortgage of $2,600, in favor of the Federal Land Bank Commissioner and to pay the remainder of the purchase price of $4,200 March 1, 1936.

Failure of defendant to make the stipulated payment of $4,200, his abandonment of the purchase, election by plaintiff to cancel the contract and to forfeit the 1,000-dollar payment were pleaded in the petition.

Defendant answered that failure of plaintiff to furnish an abstract showing a good merchantable title and to tender a warranty deed at the time appointed by the contract justified nonpayment of the remainder of the purchase price March 1, 1936. There was a prayer by defendant for either permission to perform the contract on his part or to recover back his payment of $1,000. The reply put in issue the facts interposed as defenses. Upon a trial of the cause the district court granted plaintiff the relief sought by him. Defendant appealed.

On appeal defendant contends that plaintiff did not make a case for the reasons he failed to prove that, pursuant to contract, he delivered or tendered a warranty deed, furnished an abstract showing a good merchantable title, surrendered or tendered possession to defendant, all on March 1, 1936, when the latter was able and willing to pay the balance of the purchase price.

This position of defendant is untenable, when his answer and a preponderance of the evidence are considered in connection with the law applicable to the controversy. Defendant pleaded in substance in his answer that, as pro-

vided in the contract, plaintiff submitted for examination an abstract, which, upon examination by counsel, disclosed defects; that defendant made a demand on plaintiff to proceed to quiet his title, a proceeding delayed until March 23, 1936; that the title was not quieted in plaintiff until May 5, 1936, a time when defendant was unable to procure funds for payment of the remainder of the purchase price. The allegation that defendant demanded a proceeding to quiet title determined that fact against him for all purposes of the trial. *Bonacci v. Cerra, ante,* p. 476, 279 N. W. 173. (No. 30168, April 15, 1938.) By demanding the quieting of the title in plaintiff, defendant waived the furnishing of an abstract showing a good merchantable title 'March 1, 1936. *Shonsey v. Clayton,* 107 Neb. 695, 187 N. W. 113. Plaintiff had in fact a good title on that date as shown by the decree of the district court in the subsequent suit to quiet title. Having demanded the litigation for that purpose, a reasonable time for a decision was necessary. The evidence does not show any unreasonable delay on the part of plaintiff in obtaining such relief. On the very day the title was quieted in plaintiff, defendant notified the former's agent that the contract of purchase had been assigned to George E. Kerry who agreed to comply with its terms. The truth of the record is that defendant abandoned the contract when it was in full force and neither he nor his assignee performed the obligation to tender or pay the balance of the purchase price before or after the quieting of the title.

Defendant attempts to justify nonperformance on his part March 1, 1936, and afterward, by failure of plaintiff to deliver or tender the warranty deed required by the contract. The right to the deed depended on payment of $4,200, an unperformed obligation. A preponderance of the evidence requires findings that plaintiff and his wife, at the time of signing the contract of sale, executed the necessary deed and placed it in the hands of plaintiff's agent for delivery upon payment of the remainder of the purchase price. It follows that curable defects in the record title and as-

serted failure to deliver or tender a proper deed do not constitute a defense.

Failure to deliver possession March 1, 1936, is also urged as a defense. There is some conflict in the evidence on this issue, but the clear preponderance is in favor of plaintiff. He had good title by adverse possession as subsequently decreed and he was in possession with nothing to prevent him from surrendering it to defendant. The defects in the record title did not interfere with change of possession. There was some discussion by the parties about permission of plaintiff to remain temporarily in possession of the house and a pasture for reasons well understood by both, such as the hardship of moving when roads were bad and when there was snow on the ground. The true import of the testimony on this feature of the defense is that plaintiff recognized defendant's right to possession, and tendered it to him in the event of his performance of the contract, and that remaining on the premises depended on a lease from defendant for that purpose. This defense also fails.

The homestead character of the property did not excuse nonpayment of the purchase price for the reason that both plaintiff and his wife executed a warranty deed which was ready for delivery.

The plea of defendant for a return of the initial payment of $1,000 is unavailing for the following reasons: The contract provided in definite terms for the forfeiture of this payment in the hands of plaintiff for the default of defendant. There was no default or other wrongful conduct by plaintiff to require the refunding of this money. In view of all the circumstances shown by the entire record, it would be inequitable to compel plaintiff to return to defendant the payment in controversy.

AFFIRMED.