SUSANNAH RANDALL, APPELLEE, v. FIRST NATIONAL BANK, APPELLANT.

FILED MAY 4, 1918. No. 19682.

1. **Landlord and Tenant:** INJURY TO TENANT: LIABILITY. Where, in a personal injury case brought by the plaintiff against a landlord, two stairways were maintained by the defendant for the use of the plaintiff to enable her to reach the rooms furnished to her and her husband, one being on the outside of a building, and the other on the inside of the building which she and her husband occupied, both being for her convenience, she was at liberty to use either, and if the stairway on the outside of the building was a common stairway leading from the ground to certain rooms occupied by the tenants of the defendant, and was maintained in so negligent a manner that the plaintiff, who was one of the tenants, was by such negligence caused to fall and was injured without her fault, the defendant was liable for the damages sustained.

2. **Evidence** examined, stated in the opinion, and *held* sufficient to sustain the verdict.

APPEAL from the district court for Butler county: EDWARD E. GOOD, JUDGE. *Affirmed on condition.*

*C. M. Skiles* and *R. D. Fuller,* for appellant.

*Matt Miller* and *Hastings & Coufal, contra.*

HAMER, J.

This is an action to recover for personal injuries. It was brought by Susannah Randall, a married woman, against the First National Bank of David City, Nebraska. The suit was commenced by the plaintiff in her lifetime. She alleged that the defendant was negligent in maintaining a stairway through which she fell, and by reason of which fall she claimed to have been seriously and permanently injured. A trial in the district court for Butler county resulted in a verdict and judgment in plaintiff's favor for $3,500. The defendant has appealed.

Since the appeal was perfected the plaintiff departed this life, and the action has been revived in the name of Henry Randall, the administrator of her estate. The title of the case as originally brought is retained in this opinion.

It is shown by the evidence that the plaintiff's husband rented a two-story building in David City from the defendant bank; in the front part of the first story the husband appears to have maintained a shoe repair shop, and the back part was used by the family as a kitchen; the second story was used by the family as a sitting-room and for sleeping apartments; on the outside of a building just north of the building so used by the plaintiff's husband and herself the defendant maintained a stairway which led to the second story of said building and was connected with the building used by the plaintiff and her husband by a platform which led to their sleeping rooms. It is also shown that there was a stairway going down from these sleeping rooms on the inside of the building to the kitchen. The plaintiff was accustomed to use either stairway. The

defendant denied that the stairway was negligently constructed, and denied any knowledge as to its condition.

On the evening of the 30th day of September, 1913, while the plaintiff's husband was assisting her up said outside stairway in order to get to their sleeping rooms, the eleventh step from the bottom gave way, and they both fell through said stairs to the ground, or fell upon said stairway, and the plaintiff was seriously and permanently injured.

It is strenuously contended by the defendant that the damages are excessive. It is also contended that the verdict is not sustained by sufficient evidence. The evidence shows that prior to the time of the alleged injury the plaintiff was an invalid, and that she spent the previous winter in Florida for the purpose of regaining her health, if possible. When she went to Florida she was afflicted with diabetes and sciatic rheumatism. She appeared some better on her return, but was not cured. There was a sharp conflict in the evidence, and it was for the jury to determine which of the witnesses were worthy of belief.

The plaintiff testified concerning the manner in which the injury happened. She describes her injury to the right leg as it would be if paralyzed, and also testified to her back hurting her, and also her head. She also described her condition before she received the injury as such that she could use her right leg and "walk all over town." She also described the outside stairway as used for the purpose of reaching rooms in both of these buildings; that there was a platform which led to their rooms and to other rooms; that the platform appears to have connected the two buildings; that there were several tenants there during the time that she and her husband lived in the building, and that these tenants used the same stairs that she and her husband used. The outside stairway appears to have been a common stairway for the use of all the tenants.

It may be that the physical condition of the plaintiff was such that she might have died in the not remote future even if she had not received the injury, but that she was hurt and that she suffered in consequence cannot well be doubted under the evidence. The court heard this evidence and sustained the verdict and denied the motion for a new trial. The jury saw her and heard her testify, and also heard the other witnesses testify.

In *Shirley v. City of Minden*, 84 Neb. 544, the judgment of the district court was affirmed. The syllabus in *City of Omaha v. Houlihan*, 72 Neb. 326, was quoted with approval, where it is said: "Issues as to the the existence of negligence and contributory negligence, and as to the proximate cause of an injury, are for the jury to determine, when the evidence as to the facts is conflicting, and where different minds might reasonably draw different conclusions as to these questions from the facts established."

"Where, in an action at law, the evidence is conflicting, it is not the province of this court to examine it further than to see that there is sufficient to justify the conclusion reached." *Young v. Kinney*, 85 Neb. 131.

The condition of the record does not seem to require further discussion of the case. We cannot say that the injury did not hasten her death, and yet, while the jury by its verdict found for the plaintiff upon evidence sufficient to sustain a verdict for such plaintiff, we are nevertheless constrained to believe that the verdict is, under all the circumstances, excessive, and, unless the plaintiff files a remittitur of $2,500 within 30 days, the judgment of the district court will be reversed and the cause remanded for further proceedings.

As thus modified, the judgment of the district court is
                                        AFFIRMED.

SEDGWICK, J., dissenting.

The rule as to negligence of a landlord in leasing premises is the same as in case of alleged negligence

of a vendor in the sale of the same premises. That is to say, the landlord is under no greater obligation to disclose defects in the premises than a vendor would be. If the defendant had sold this old building to the plaintiff, and the plaintiff had knowledge of its age and its condition, generally speaking, and some time after purchasing the property had, by reason of breaking a stair, been injured, would we hold that the vendor of the property was liable for such damages? The answer would be "yes" if there was a defect that in its nature would not be noticed by the plaintiff and was known to the seller of the property; or if it was of such a nature that the seller ought to have known of the defect, so that it might be held that the seller was guilty of fraud in not informing the buyer of the dangerous condition, the seller would be liable for the damages. Under the same conditions a landlord who rented the premises would be liable for damages. It seems to me very doubtful indeed that the defendant knew or ought to have known the condition of this stair, which appeared to be all right and presented no outward indication of defect, but was so decayed that the plaintiff could break it in ordinary progress going upstairs. There is a piece of the stair attached to the bill of exceptions, from which it would appear that the wood was old and could be broken more easily than a new stair could be, but it would seem doubtful about the stairs breaking through so that the plaintiff could fall through the stairs as she testified she did. It seems incredible that one landlord in a thousand would have thought that these stairs were dangerous under the conditions disclosed in this evidence. There is some evidence from which it might possibly be found that other people occasionally used this stairway, but the plaintiff on the witness-stand testified that at the time of the injury there was no one occupying the north rooms. And yet the majority opinion is mainly predicated upon the idea that this was a public stairway.

The stairway was against the north building, and the plaintiff, in going up this outside stairway, had to cross over the platform to her room. They had procured a stairway to be put inside for the plaintiff's use. Her sitting-room and bed-rooms were upstairs, but her kitchen was downstairs, and she would have it appear in her evidence that she preferred the outside stairway, although the inside stairway was put in at her request. The bank did not know that they were using the outside stairway at all, and, as the officers of the bank never had occasion to go up the stairway, they did not know the condition of it any further than that it was old and exposed to the weather, and the whole building and stairway were becoming perhaps weaker. In this condition the defendant asked the court to instruct the jury: "If you find from the evidence that an inside stairway was built for the special use of plaintiff and family, and that after same was built plaintiff, without the knowledge of defendant, continued to use the outside stairway, and was injured thereon as claimed, plaintiff cannot recover, and your verdict should be for the defendant." Nothing is said about this in the opinion, but it seems to me it is worthy of some mention. There are a good many requests for instructions, and all of them refused. Some of them, perhaps most of them, are covered by the general instructions given by the court, but this particular instruction which I have just copied is not given, nor its substance; and I think some other important instructions requested were not given. The opinion seems inconsistent with *Davis v. Manning,* 98 Neb. 707, which was decided after careful consideration. I cannot agree with the conclusion reached.