Blotcky v. Gahm.

---

PHILIP BLOTCKY, APPELLANT, V. LOUISA M. GAHM ET AL., APPELLEES.

FILED MARCH 28, 1922.   No. 22017.

1.  Landlord and Tenant: LIABILITY OF LESSOR. The general rule is, where a lessor of a portion of a building remains in possession and control of a part, or the remaining portion thereof, in the absence of a specific agreement, or of deceit or fraud by him, he is not bound to make repairs, employ a watchman, or to maintain a fire alarm service for his lessee, nor can the lessee recover for injuries to his property received through latent defects, of which the lessor had no knowledge at the time of making the lease, and which were as patent to the lessee as to the lessor.

2.  Evidence examined, and *held* sufficient to warrant the direction of a verdict.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Smith, Schall & Howell, W. H. Howard* and *F. E. Sheehan,* for appellant.

*Stout, Rose, Wells & Martin, contra.*

Heard before MORRISSEY, C. J., and ALDRICH, J., RAPER and STEWART, District Judges.

STEWART, District Judge.

Action by tenant for damages because of alleged negligence of owners of a six-story building. At close of plaintiff's evidence, the court directed a verdict for defendants. Motion for new trial was overruled, and plaintiff brings case here for review.

In the fall of 1917 Philip Blotcky, a wholesale commission merchant, orally leased the first and second floors of the Gahm building in Omaha, No. 1208 Howard street. It was equipped throughout with a sprinkler system, commonly known as the "dry system," and consisting of two tanks above the sixth floor, connected with pipes along the ceilings. Hollow sprinkler heads, standing upright, were screwed into the top of the pipes. Each sprinkler head was plugged with a fuse that would melt quickly when exposed to a certain degree of heat. The pipes were kept empty by air pressure from some pumping arrangement in the basement. When a fuse melted, or came out from any cause, water would flow from that particular sprinkler head at the rate of about 40 gallons a minute. An electric automatic fire alarm system was attached or so arranged that, if a sprinkler head opened, a signal would immediately be given at the office of the American District Telegraph Company. Under a contract between the defendants and the Automatic Fire & Protection Company, the latter retained ownership and control of all apparatus installed, and was to operate it for $350 a year. The Omaha Gas Company occupied an adjoining part of the building. The four upper floors were vacant, and all floors were accessible by stairway leading from the basement.

December 17, 1917, three alarms, from 9:45 p. m. until 1:39 a. m., were received at the A. D. T. office, before the night manager discovered the cause, after making two trips to the building without having gone inside. The **time**

clock at the A. D. T. office indicated that a sprinkler head was open, or that a battery was weak. An inspector, who had been in charge of this plant for about 12 years, made an examination of the entire sprinkler plant about two weeks before the accident, and found it all right with pressure sufficient to last for two months. He again inspected it immediately after the accident, and found it in perfect condition, except the fuse was missing from the particular sprinkler head in question. No similar accident ever happened to this plant. At the time of making the lease, defendant's agent told the plaintiff that arrangements had been made for the gas company to keep two watchmen at the building, and that the A. D. T. looked after the sprinkler. Plaintiff was damaged about $5,300.

The question before this court is whether the evidence shows the plaintiff's damage resulted from the negligence or breach of any duty the defendants owed to the plaintiff. Negligence presupposes duty, and, if there is no duty, there can be no liability predicated upon a failure to do it. *Langenfeld v. Union P. R. Co*, 85 Neb. 527.

There is no allegation in the pleadings of any express agreement by defendants to furnish sprinkler or electric fire alarm service, to make repairs on demised premises, or to keep a watchman. A lessor, in the absence of specific contract so to do, is not bound to make any repairs on leased premises. *Young v. Rohrbough*, 88 Neb. 101; *Murphey v. Illinois Trust & Savings Bank*, 57 Neb. 519; *Turner v. Townsend*, 42 Neb. 376.

The same principle applies to the employment of a watchman or the maintenance of an automatic fire alarm service. The plaintiff insists that the general rule that a lessor is not liable for damages to his tenant, in the absence of an agreement, has no application where such damages result from the negligent use of the lessor's property, not covered by the leasehold. We recognize an exception to the general rule, in so far as it relates to hallways, stairs and elevators not demised to the tenant. In such cases the lessor is bound to exercise reasonable care in keeping them

ordinarily safe for those having lawful occasion to use them. *Starr v. Sperry,* 184 Ia. 540.

The general rule is, where a lessor of a portion of a building remains in possession and control of a part of the remaining portion thereof, in the absence of a specific agreement, or of deceit or fraud by him, he is not bound to make repairs, employ a watchman, or to maintain a fire alarm service for his lessee, nor can the lessee recover for injuries to his property received through latent defects, of which the lessor had no knowledge at the time of making the lease, and which were as patent to the lessee as to the lessor. These principles are in harmony with the holding of this court in *Turner v. Townsend,* 42 Neb. 376; *Rankin v. Kountze,* 101 Neb. 174, and *Lowe v. Payne,* 107 Neb. 378. Also, *Kuhn v. Sol. Heavenrich Co.,* 115 Wis. 447; 16 R. C. L. 1036, sec. 556; *Hirsch v. Radt,* 228 N. Y. 100.

Plaintiff further contends that the defendants assumed and volunteered to maintain the fire alarm service, and is therefore liable for the negligence of the A. D. T. Company. We think the rule invoked has no application under the evidence in this case. If plaintiff got no right by virtue of his lease, when did he acquire it? A complete answer to this contention of plaintiff is furnished by the fact that defendants did nothing about the sprinkler or alarm system subsequent to making the lease, other than paying rentals as provided by the original contract between defendants and the Automatic Fire & Protection Company. Defendants could not and did not assume to or voluntarily act by remaining passive.

It plainly appears from the evidence in this case that the defendants were careful in safeguarding and inspecting the sprinkler system, and that the lease in question contained no provision imposing upon the defendants the duty to maintain a sprinkler and fire alarm service, or to employ a watchman. No such duty arises by implication under such a lease between a lessor and a lessee.

The defendants were not insurers of plaintiff's goods.

No negligence being proved, a verdict for the defendants was properly directed, and the judgment is

AFFIRMED.