ANDREW PAVLOVCHIK, ADMINISTRATOR, *vs.* ANGELO LUPARIELLO ET AL.

Third Judicial District, Bridgeport, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

General assignments of error violate the rule (§ 5837 of the General Statutes) that the errors complained of shall be specifically stated in the reasons of appeal.

This court will not correct a finding to include facts which have no legal significance or which may be reasonably inferred from the facts found.

Pavlovchik *v.* Lupariello.

The trial court found that the fall which resulted in the death of the plaintiff's intestate was due to her own negligence in leaning so far out over a balcony railing to draw in a clothes line, that she lost her balance, and that the defective condition of the railing, which collapsed under her weight after she started to fall, was not the proximate cause. *Held* that this finding was justified by the evidence; and that the decedent's weight, two hundred pounds, was a circumstance to be considered in determining whether her conduct constituted due care.

The plaintiff claimed that the finding should be corrected by adding that the decedent " was hanging clothes in the ordinary way." *Held* that although there was uncontradicted testimony that the decedent apparently followed a customary method in the performance of her task, the trial court properly refused the claimed correction, because its equivocal language carried an unwarranted implication that she exercised ordinary care.

Argued November 11th—decided December 12th, 1924.

ACTION to recover damages for causing the death of the plaintiff's intestate by negligence, brought to and tried by the Superior Court in Fairfield County, *Kellogg, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Samuel Reich,* for the appellant (plaintiff).

*William J. Buckley,* with whom, on the brief, was *Edward K. Nicholson,* for the appellee (defendant).

KEELER, J.   On July 9th, 1923, plaintiff's intestate was a tenant in a six-family tenement house belonging to defendants in Bridgeport, and resided there with her husband and children.   They occupied one of the tenements on the ground floor, and on the day last named, while hanging out clothes from a veranda opening from the second story of the tenements, where facilities were provided her for that purpose, she fell into an areaway and was so injured that she died within an hour.   The alleged negligence was the lack of care on the part of defendants in not keeping in repair a certain rail upon

the outer edge of this veranda. The court found defendants negligent and the decedent guilty of contributory negligence.

Plaintiff assigns error in seven reasons of appeal, as follows: 1. In rendering the judgment on file, which was contrary to the evidence, against the weight of evidence and contrary to the law. 2. In ruling and holding that to find for the plaintiff, the evidence of the witness Luca Todisco must be disregarded utterly and as untrue. 3. In ruling that the plaintiff's intestate was guilty of contributory negligence. 4. In its conclusion that the plaintiff's intestate's fall was due to her having lost her balance, and in finding this as a fact. 5. In finding that the rail itself was pushed back by the intestate's leg after she had fallen. 6. In not ruling and holding that the injuries resulting in the death of the plaintiff's intestate were caused solely by the negligence of the defendants. In the seventh reason of appeal certain corrections of the finding by way of addition and excision are also claimed.

The first assignment is general and contrary to the statutory provision that all errors shall be assigned specifically. General Statutes, § 5837. Assignments two, four and five do not set forth errors of law. Claims of this nature can only be considered upon a motion to rectify the finding. Unless the finding is rectified, there is little ground for consideration of the claims of law properly assigned. We will first consider the error assigned for failure of the trial court to rectify the finding.

The trial court found in detail that the veranda in question was enclosed and protected by a picket railing about waist high, with top and bottom longitudinal rails, running between upright posts six by six inches, erected at intervals. These railings were originally safely constructed. A clothes line was fastened to the

corner of the second-story veranda for the use of the
intestate. There was provided, for a Mrs. Marasco,
a clothes line attached to a post opposite her apartment
upon the second floor. On the before-mentioned day,
the deceased was hanging out clothes on the line pro-
vided for her, and she afterward proceeded to use the
line of Mrs. Marasco for the same purpose, as she had
done several times. The deceased was a very large
woman, weighing about two hundred pounds. While
using this last-mentioned line the deceased leaned out
over the railing to pull in the line. The court found
specifically the following paragraphs: "17. The line
did not respond and plaintiff's intestate then leaned
further out, gave it another pull, which caused her to
lose her balance and fall over the rail to the ground.
18. After she had so lost her balance and fallen over
the rail, the rail itself gave way under her weight and
was pushed backward on to the floor of the porch."

The two paragraphs just quoted, defendants desire
to have stricken out in correction of the finding. The
trial court further found that the rail, which had been
pushed backward on to the floor of the porch by the
decedent's body as she fell, remained on the floor of the
veranda from which the plaintiff's intestate fell.

The plaintiff's intestate was familiar with the con-
ditions surrounding the place where she fell. The line
at the place where the accident happened was provided
for the use of the apartment occupied by Mrs. Marasco,
who was a slender woman, and the defendants had no
knowledge that the deceased had ever used it. The
rail of the balustrade was not mortised into the posts,
but nailed to them, which was originally good con-
struction, but in time the nails used to fasten the rails
to the post had rusted at the post where the accident
happened, and had sheared off rather than pulled out.
By reason of the rusting of these nails, the rail had

Pavlovchik *v.* Lupariello.

become loose and shaky, which condition could have been discovered by reasonable diligence on the part of the defendants.

The trial court found that the defendants were negligent in the care and maintenance of the railing, and this was assumed in the argument and the question is not raised on appeal. The court reached these conclusions: 1. The fall of the plaintiff's intestate was due to her leaning out over the railing and losing her balance, and not to the condition of the railing. 2. The plaintiff's intestate was not free from contributory negligence.

In effect this is a holding that the negligence of defendants was not a proximate cause of the injury sustained by deceased, but that it was due to her own negligence.

In his motion to correct the finding in addition to claiming the excision therefrom of the two paragraphs of the finding above quoted, the plaintiff claimed the inclusion of certain paragraphs of the draft-finding, and the action of the court in refusing to include a part of them is assigned as error. The paragraphs addition of which we are desired to make are as follows: "10. While she was hanging the clothes, as aforesaid, the railing, due to its defective condition, gave way. 11. As a result of the defective railing giving way, the decedent was precipitated to the ground approximately 15 feet below. 12. The decedent was hanging clothes in the ordinary way that any woman hangs clothes at the time the said railing gave way. 17. The clothes line in question was used indiscriminately by various tenants. 18. The plaintiff's intestate had hung one piece of clothing and was about to hang the second piece of clothing on the line when the said railing fell. 19. The railing, after having collapsed, fell backward and remained on the veranda. 20. The condition of

the railing was such that but slight pressure was necessary to cause the crash down of the railing. 21. In the performance of the duty of hanging clothes it is necessary to pull the clothes line one way or another. 22. The railing gave way because of its dangerous and defective condition. 23. The fall of the plaintiff's intestate was due to the sudden and unexpected breaking off of the defective rail."

Considering these paragraphs, we find that the tenth, seventeenth, eighteenth, nineteenth, twentieth and twenty-first, have no such bearing upon the points of law involved in the case as to demand their inclusion. Some of them are in effect found in the finding as filed, or by reasonable inference therefrom, and none of them would have any significance as regards the conclusion to be reached.

The seventeenth and eighteenth paragraphs of the finding quoted above, which the plaintiff desires to eliminate, and paragraphs eleven, twenty-two and twenty-three of the draft-finding just quoted which it is desired to add, bring up the conclusions of fact which are immediately connected with the injury to the decedent. The incident is treated more at length in the trial judge's memorandum of decision made part of the finding, wherein he says there was no reason to permit the court to disregard the testimony of Todisco as untrue. "He testified that he saw the intestate lean out over the railing once to pull in the clothes on the line, and as they did not come in she leaned farther out, lost her balance and fell to the ground. That after she had fallen over the rail, the rail itself gave way, was pushed backward by her leg and fell back upon the floor of the porch. The position of the rail after the accident upon the floor of the porch, as testified to by two of the plaintiff's witnesses, Helen Marco and Anna Saffo, is in direct corroboration of Todisco's evidence."

An examination of the testimony of Todisco, Marco and Saffo, clearly demonstrates that the trial court did not find the facts we are now considering without evidence, nor are its conclusions unreasonable or illogical. It is to be remembered that the court had also the assistance of a series of photographs, and the advantage of a personal view of the premises, and testimony as to how the broken railing lay after the accident. The argument of defendants' counsel is directed to the point that other conclusions are more consonant with the evidence and logically could have been drawn. This was a claim to urge at the trial and was doubtless then pressed as it was in this court, but since the trial court made its finding on competent evidence, in a logical and reasonable way, it cannot be corrected by us.

Counsel strongly insists that paragraph twelve, above noted, should have been added to the finding, to the effect that decedent was hanging out clothes in the ordinary way. There was considerable testimony to this effect apparently in terms uncontradicted, but coming from the witnesses in the way it did, it could only mean that the decedent was pursuing her task to all appearances in a customary method. What counsel evidently desires is a finding of fact equivocal in its possible interpretation and not consonant with the court's conclusion of law, that the decedent was negligent in her conduct. The argument of counsel is that the idea of hanging up clothes in the ordinary way connotes the use of ordinary care, and therefore no negligence existed. In view of the positive testimony of Todisco, the only one who saw just what the decedent did do throughout her operations, that she pulled at the line and it did not yield, and she then leaned far out and gave it another pull thus losing her balance,— the court was not called upon to make a finding in the

terms requested by the defendants. In effect it would have been to find that the ordinary woman so engaged would make an unsuccessful pull at the line, and then lean out over the rail and pull harder. With animate as with inanimate bodies, stable equilibrium requires that the center of gravity be kept over and within the plane of the base, and conduct which contravenes this mechanical principle endangers safety and is negligent. In the case of a woman weighing two hundred pounds, to act safely in this respect requires more care than in the case of a person more lightly built. Stout women should act with a view to their limitations: not to do so is negligent. Counsel claim upon the finding as it stands that as matter of law it was not negligence for deceased to lose her balance. That depends upon how she lost it. The court finds her conduct taken as a whole to be negligent in fact, and unless it can be said as matter of law that a woman can lean forward to a degree destroying her balance, and keep on tugging at a rope which in all human probability will eventually yield and yield suddenly, which we are not prepared to do, then the trial court committed no error. Even if it be true that the plight of the deceased was accidental and not affected with negligence, still the court has found that the railing gave way after her fall and not before; the finding of the court that the unsafe railing was not the proximate cause of her injury cannot be impugned.

There is no error, and the judgment of the Superior Court is affirmed.

In this opinion the other judges concurred.