E. MEYER, APPELLANT, V. ROSENBLATT & SON, APPELLEE.

FILED MARCH 21, 1930. No. 27015.

*Monsky, Katleman & Grodinsky,* for appellant.

*Brogan, Ellick & Raymond, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and LANDIS, District Judge.

LANDIS, District Judge.

Plaintiff below, appellant here, brought this action against defendant, appellee here, for merchandise sold and delivered. Defendant admitted the account sued on in full, but counterclaimed, presenting the issue of oral agreements of plaintiff to refund an aggregate amount of payments, represented by counterclaim, to defendant in event plaintiff did not produce receipts for the merchandise represented by such items, which defendant asserted was not delivered.

Plaintiff in his reply and answer denied the issue pre

sented in the counterclaim, alleged an account stated, accord and satisfaction, and voluntary payments. Verdict was returned for defendant for the difference between the admitted account and counterclaim, judgment entered, and upon overruling of motion for new trial plaintiff appeals.

Instruction No. 4 given by the court on its own motion is as follows: "You are instructed that under the law defendant cannot recover back money, simply because it was paid under threat of a lawsuit; but if you find that defendant has proved by a preponderance of the evidence that the goods in the disputed items were not delivered to defendant by plaintiff, and that defendant paid the money to plaintiff relying upon *the agreement of plaintiff to repay defendant for any payments made by defendant to plaintiff for goods undelivered,* and that such payments by defendant to plaintiff were made to protect defendant's credit and relying upon *plaintiff's agreement to repay defendant for any overpayment,* then you should return a verdict for defendant in such sum as you may find defendant has proved under the above rule." (The italics are ours.)

The pleadings and evidence present an issue on the agreement to repay defendant for any payments made by defendant to plaintiff for goods undelivered. The existence of the agreement was controverted. Under this record the question of the existence of the agreement was a primary issue for the jury to determine from the evidence.

Instruction No. 4 assumes the existence of the controverted agreement. It fails to submit this disputed issue of fact to the jury for determination. Under the rule that an instruction is erroneous which assumes a fact as established, which is material to the case, and as to the existence of which the evidence is conflicting, we must hold that the giving of instruction No. 4 was error. *Chicago, B. & Q. R. Co. v. Anderson,* 38 Neb. 112; *Pratt v. Western Bridge & Construction Co.,* 116 Neb. 553.

The trial court did not instruct the jury with reference to the issues of account stated and accord and satisfaction, which plaintiff tendered in his reply, and which are sup-

ported by competent evidence. This is contrary to the well-settled rule in this state that a party to an action is entitled to have the jury instructed with reference to his theory of the case, when the pleadings present the theory as an issue and it is supported by competent evidence. *Boice v. Palmer,* 55 Neb. 389; *Chicago, R. I. & P. R. Co. v. Buckstaff,* 65 Neb. 334; *Allen v. Rushforth,* 77 Neb. 840.

The issue of voluntary payments was presented by the plaintiff in his reply. There was competent evidence introduced to show that the payments, which were the basis of the counterclaim, were made voluntarily by the defendant to the plaintiff, with knowledge of the facts. Where one has voluntarily, with full knowledge of the facts, paid a disputed demand, which he claimed he did not owe, he cannot ordinarily recover it back on the ground of its invalidity. *Renfrew v. Willis,* 33 Neb. 98; *Weber v. Kirkendall,* 44 Neb. 766. Instruction No. 4, *supra,* is the sole instruction given by the trial court which attempts to reflect plaintiff's issue of voluntary payments. It is quite evident that it does not clearly and adequately present the law as to voluntary payments.

Under the circumstances and proof, as shown by the record, the giving of instruction No. 4, failure to instruct on account stated, accord and satisfaction, and inadequately instructing on voluntary payments, constituted error which was prejudicial to the plaintiff.

We do not deem it necessary to discuss other assignments of error.

For the reasons given, the judgment of the district court is reversed and cause remanded for further proceedings according to law.

REVERSED.