Emile Cyr

*vs.*

Roberta F. Barker, Martha M. Bridge, Lois C. Swett
and Lewis B. Swett, Jr.

and

Leona Cyr

*vs.*

Roberta F. Barker, Martha M. Bridge, Lois C. Swett
and Lewis B. Swett, Jr.

Sagadahoc.     Opinion, August 16, 1933.

*J. Harold Dubord,*
*John J. Keegan,* for plaintiffs.
*Locke, Perkins & Williamson,* for defendants.

SITTING : PATTANGALL, C.J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.   These two actions are before us on report. Leona Cyr sues for personal injuries received by reason of a fall from the porch of a tenement which her husband, Emile Cyr, occupied as a tenant at will of the defendants, the owners of the property. Her husband seeks to recover for medical expenses and for loss of consortium.

The defendants at the time of the accident were the owners of an apartment situated on Summer Street in the City of Bath. There were three tenements one above the other. The plaintiffs occupied that on the second floor. Access to the two upper tenements was by an outside stairway which led to a porch on the outside of the plaintiffs' quarters and from there to another stairway to the third floor. That part of the porch not used solely as a passageway was approximately four by seven feet in area. This served as a landing from the stairs ascending from the street and also was used by the occupants of the tenement for household purposes. Around this platform was a balustrade 2.7 feet high. This was constructed with a top and bottom rail fastened to posts and strengthened by banisters nailed to each rail.

Just before the accident Mrs. Cyr came out on the porch to shake some rugs. She had finished with one which she had laid over the porch rail. While engaged in shaking the other she fell from the porch a distance of twenty feet to the concrete pavement below, and sustained very severe injuries. There is no direct evidence as to how the accident happened. She does not know. Her only remembrance of the occurrence is that she fell. The balustrade was carried away and fell with her. There is no direct evidence that prior to the accident it was insecure or in an unsafe condition. After the accident the nails which held the railing to the posts were found to be rusty and to some extent eaten away, and from

this circumstance the Court is asked to draw the inference that the injuries to the plaintiff were caused by the negligence of the defendants in failing to keep the premises in proper repair.

The view which we take of the case renders it unnecessary for us to consider several questions of law argued with ability by counsel for both sides, first whether the plaintiffs or defendants had the duty to repair the platform used in part as a common passageway and in part by the plaintiffs for household purposes, secondly whether certain defendants who are minors are in any event liable.

In our opinion the plaintiffs have failed to sustain the burden of proving that the defendants were negligent, or that Mrs. Cyr in shaking the rugs was herself in the exercise of due care. Mrs. Cyr does not say that she leaned for support on the rail and that it gave way. She did not hear it give way nor does she have the slightest idea as to what caused her to fall. The evidence is entirely consistent with the theory that she lost her balance, pitched over the railing and carried it with her in her fall. If so, the case is similar to that of *Pavlovchik* v. *Lupariello*, 101 Conn., 567, 127 A., 18, cited by counsel for the defendants, which holds that an unsafe condition of a railing, if assumed to exist, was not the proximate cause of an accident, where the railing gave way after the woman fell and not before. Mr. Cyr testified that prior to the accident the railing appeared to be all right. We can not assume because some of the nails which held it had rusted that it was necessarily unsafe for the purpose for which it was designed, nor in the absence of evidence as to how the accident happened that the condition of the rail was the proximate cause of Mrs. Cyr's falling. We can find in the evidence no justification for placing the responsibility for this regrettable accident on the defendants.

*Judgment for the defendants.*