RONALD MARKUSSEN, APPELLEE, v. BERTHA H. MENGEDOHT, TRUSTEE, APPELLANT.

272 N. W. 241

FILED MARCH 26, 1937. No. 29826.

*Dressler & Neely* and *H. J. Lutz,* for appellant.

*Frost, Hammes & Nimtz, contra.*

Heard before ROSE, GOOD, EBERLY and CARTER, JJ., and RYAN and KROGER, District Judges.

KROGER, District Judge.

Ronald Markussen, an infant, brought this suit by his father as his next friend, to recover damages for personal injuries sustained in a fall on premises belonging to the defendant. There was a trial to a jury which resulted

in a verdict in favor of plaintiff and from the order overruling defendant's motion for new trial, this appeal is prosecuted.

The evidence discloses that the defendant is the owner of a four-story apartment building in the city of Omaha, and some nine months prior to the time of the accident in controversy plaintiff's parents leased a suite on the first floor of said apartment house. The building fronts towards the east and there is a hallway extending across the same from the front entrance to the rear, running east and west, and an intersecting hallway, in approximately the center of the building, running north and south. To the rear is another building and between the two buildings is a space equipped and used for a children's playground. There is a window to the right of the rear door of the east and west hallway, the opening of which is approximately thirty-two inches wide and six feet four inches high and the window sill is approximately twenty inches above the floor and is twelve inches in width. On the outside of the building, immediately beneath the window in question, there is an area-way, or pit, approximately ten feet in depth, which serves as an outside entrance to the basement and contains a stairway leading to the basement. Along the north wall of said hallway and commencing at a point within a few inches of the window frame and extending towards the east are a number of mail boxes placed there for the reception of mail addressed to the various tenants in the building. During the summer months the lower half of the window, above mentioned, was usually kept open and from May until September or October, a screen was maintained on said window by the owner, which screen was attached to the window by two hooks, one on either side attached at approximately the center of the frame, and eyelets were fastened to the window frame into which the hooks on the screen were inserted.

On the 23d day of July, 1934, during the noon hour, the plaintiff, then two and one-half years of age, was found lying unconscious and severely injured in the pit im-

mediately beneath the hall window. There were no eye-witnesses as to how the accident occurred, but after the accident an examination was made of the window screen, and the north hook of the screen was found to be unlatched and that portion of the screen pushed outward and the point of the hook bent to such an angle that, when replaced in the eyelet, a slight pressure was sufficient to cause it to release and the screen to push out. On the floor beneath the window were bits of torn paper, which appeared to have been the name cards attached to some of the mail boxes. There was evidence that there were a number of children living in the apartment building, and that at various time they had been in the habit of playing in the halls and had been seen playing around the window in question, and one of the witnesses testified that she had seen children sitting in the window.

At the close of plaintiff's evidence, and again at the close of all of the evidence, defendant moved for a directed verdict, on the ground that the evidence was insufficient to sustain a judgment in favor of the plaintiff.

Plaintiff's action is based on the theory that plaintiff had climbed into the window in order to reach the name cards on the mail boxes along the wall and, while so engaged, leaned or fell against the screen, and that, due to the carelessness and negligence of the defendant in maintaining said screen in an unsafe and insecure condition, plaintiff fell from the window into the pit and suffered the injuries complained of.

Defendant assigns as error the overruling of her motion for directed verdict, the giving of certain instructions, refusal to give instructions requested by defendant, and misconduct of plaintiff's counsel in his argument to the jury.

In support of her contention that the court should have directed a verdict, the defendant argues, first, that there was no evidence from which the jury could find that plaintiff had fallen from the window, as alleged in his petition; that all of the proof produced by plaintiff con-

sisted of the presumption or inference that might be drawn from the condition of the premises and the further presumption that the fall was due to the negligence of the defendant in not having the screen securely fastened to the window frame; and argues that you cannot rest one presumption upon another, and that all plaintiff has proved is that he was injured in an accident, and nothing more.

This point does not seem to be well taken. All that plaintiff was required to do was to establish, to a reasonable probability, that the accident happened in the manner alleged in his petition, and where facts and circumstances are established from which the way the accident happened could be logically inferred, it was not error to submit that issue to the jury. *Western Travelers Accident Ass'n v. Holbrook,* 65 Neb. 469, 91 N. W. 276; *Luckey v. Union P. R. Co.,* 117 Neb. 85, 219 N. W. 802.

Defendant next argues that her motion for directed verdict should have been sustained for the reason that the premises were not being put to the use intended at the time plaintiff sustained his injuries, and that therefore the rule that the landlord is liable for personal injuries, due to his negligent failure to keep that portion of the premises reserved for the use of all tenants in a reasonably safe condition, does not apply.

This objection raises a more serious question. While it is the almost universal rule that the owner, who reserves a portion of the demised premises for the common use of all the tenants, is required to keep the portion so reserved in a reasonably safe condition (16 R. C. L. 1037, sec. 557, *Randall v. First Nat. Bank,* 102 Neb. 475, 167 N. W. 564, *Blotcky v. Gahm,* 108 Neb. 275, 187 N. W. 640) there is to this rule a quite generally recognized exception that the use must be such use as the reserved portion was intended for. 16 R. C. L. 1040, sec. 559. Thus, in the case of *Gavin v. O'Connor,* 99 N. J. Law, 162, 122 Atl. 842, 30 A. L. R. 1383, where several boys were playing in the back yard and one was swinging on a clothes line extending from the building to a clothes pole and the pole broke and

in falling killed a young boy, it was held that the owner was not liable because the pole was not being used for the purpose for which it was intended. See, also, *Robinson v. Leighton*, 122 Me. 309, 119 Atl. 809, 30 A. L. R. 1386; *Kinney v. Onsted*, 113 Mich. 96, 71 N. W. 482, 38 L. R. A. 665; *Morong v. Spofford*, 218 Mass. 50, 105 N. E. 454, L. R. A. 1915 B, 387; *Pavlovchik v. Lupariello*, 101 Conn. 567, 127 Atl. 18; *Egan v. Krueger*, 103 N. J. Law, 474, 135 Atl. 811. It has further been held that the owner is not required to provide safe-guards, not otherwise necessary to the ordinary use of the property, because of the possibility of injury to small children. *Harrison v. Mortgage Investment Co.*, 58 Fed. (2d) 881; *Doyle v. Union P. R. Co.*, 147 U. S. 413.

We conclude that in this case it was the duty of the owner to keep that portion of the premises reserved for the use of all of the tenants in a reasonably safe condition for the use intended, and that this applies equally to the members of the tenant's family.

Was the plaintiff, at the time he suffered his injuries, using the premises for the purposes they were intended? There was evidence produced by plaintiff that during the winter-time and on rainy days the children were permitted to play in the halls of the building. There was also testimony that they did play in the halls at other times, but there was nothing to indicate that the latter was done with the consent of the owner. Whether the owner intended that the halls were to be used by the children of the tenants as a playground would ordinarily be a question of fact for the jury to determine, and if the jury found they were so intended, then it would be the duty of the jury to determine from the evidence whether they were kept in a reasonably safe condition for that purpose. The pleadings in this case did not present this issue. It was the duty of the plaintiff to plead and prove that, at the time of the accident, he was using the premises for the purposes intended. This he failed to do, and defendant's motion for a directed verdict should have been sustained.

In arriving at this conclusion, we have not overlooked the cases of *Tucker v. Draper,* 62 Neb. 66, 86 N. W. 917, and *Ramirez v. Chicago, B. & Q. R. Co.,* 116 Neb. 740, 219 N. W. 1. Those cases can be distinguished from the case at bar on the theory that there the owners were negligent because of maintaining on their premises a nuisance or a condition amounting to a trap. No such condition existed in this case.

Complaint is made of the giving of certain instructions and the refusal to give others. In view of the disposition of this case, it is necessary to consider only one of them. Instruction No. 9 given by the court on its own motion reads as follows:

"You are instructed that the plaintiff was lawfully upon *the particular part* of the premises in question, and it was the duty of the defendant to exercise ordinary care to maintain the premises under her control in a reasonably safe condition for those lawfully upon the premises, and a failure to exercise such care would be evidence of negligence." (Italics ours.)

The plaintiff charged in his petition that he fell from the window, and offered evidence from which a jury could find that the accident happened. By appropriate pleading, defendant took issue with the allegation as to how the accident happened. Obviously, if the accident happened in some other way, not pleaded by plaintiff, there could be no recovery. The burden was on the plaintiff to establish that the accident happened as charged, and it was a question of fact for the jury whether that was the way the injury was sustained. The only part of the premises in question to which the above instruction could apply would be the window, and the court, in the instruction, assumes that the child was in the window and fell from the window. Under the rule that an instruction is erroneous which assumes a material fact as established, where the evidence on that issue is such that reasonable minds might draw different conclusions, the giving of instruction No. 9 was prejudicial error. *Meyer v. Rosenblatt & Son,* 119 Neb.

471, 229 N. W. 771; *Pratt v. Western Bridge & Construction Co.*, 116 Neb. 553, 218 N. W. 397.

We have examined the assignment as to misconduct of counsel in his argument to the jury and find no merit in it.

For the reasons given, the judgment of the district court is reversed and cause remanded.

REVERSED.