EDNA SMITH, APPELLANT, V. FRANK RIZZUTO, TRUSTEE, APPELLEE.

276 N. W. 406

FILED DECEMBER 15, 1937. No. 30110.

656

*Crofoot, Fraser, Connolly & Stryker,* for appellant.

*Johnsen, Gross & Crawford, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

CARTER, J.

Plaintiff commenced this action against Frank Rizzuto, trustee under the last will of A. R. Rizzuto, deceased, to recover damages for injuries sustained when she slipped on some ice on the porch of an apartment house belonging to the trust estate. The trial court sustained a general demurrer to the petition and dismissed the action. Plaintiff appeals.

The petition alleges that A. R. Rizzuto died on January 11, 1934, leaving a will which contained the following provisions: "I devise and bequeath all my real and personal estate and effects unto my trustee, upon trust to sell, call in and convert the same unto money (with power in his discretion to postpone such sale, calling in and conversion), and after payment of my debts, and funeral and testamentary expenses, to invest the residue of such moneys in his name as trustee, in any of the investments authorized by law, and to stand possessed of such investments and of all parts of my estate for the time being unsold." It is also pleaded that plaintiff was a tenant of defendant in the apartment house during the times hereinafter mentioned.

Plaintiff further alleges that on January 14, 1934, she slipped upon some ice that had been permitted to accumulate upon a porch of the apartment house because of the negligence of defendant in not keeping the gutters, pipes and spouts on the house in a proper state of repair and resulting in the injuries of which plaintiff complains.

We are convinced that the testamentary trust set out in the will of A. R. Rizzuto conveys the fee simple title to the property involved herein to the named trustee in the will. An authoritative text states the rule as follows:

"If the trustee takes an estate in land, the extent of the estate which he takes depends upon the manifestation of intention of the transferor. In the absence of evidence

of a contrary intention of the transferor, the trustee takes an estate of such extent that he may perform the trust by exercising powers which are incident to the ownership of such an estate without the necessity of resorting to powers over an estate not held by him.

"The trustee may take an estate in fee simple although the estate is limited to him without mention of his heirs; and he may take an estate less than a fee although the estate is limited to him and his heirs. If the trustee is given power to make a sale or mortgage of the fee simple or to convey a fee simple to the beneficiaries, the trustee takes an estate in fee simple in the absence of evidence of a different intention of the transferor." Restatement, Trusts, sec. 88, comment d.

The situation in the case at bar is identical with that in Illustration 3, sec. 88, Restatement, Trusts, which is as follows: "A, the owner of Blackacre, transfers Blackacre to B in trust to pay the income to C during C's lifetime and with power to sell Blackacre and invest the proceeds and pay the income to C for life. B takes an estate in fee simple in trust."

It necessarily follows that the title to the trust property vested in the trustee immediately upon the death of the testator. This court has repeatedly held that title to land cannot be in abeyance or without an owner, even for a single moment. *Clark v. Fleischmann*, 81 Neb. 445, 116 N. W. 290. A text-writer states the rule to be: "Unless something in the will indicates a contrary intention, a testamentary trust ordinarily goes into effect upon the death of the testator." 69 C. J. 759. It is fundamental that a trust once created is not affected by the death of the settlor before notice of the trust to the trustee or acceptance by him. Restatement, Trusts, sec. 35. See, also, comment a thereunder.

Appellee contends that the provisions of section 30-1801, Comp. St. Supp. 1935, requiring all testamentary trustees to give bond to the county court having jurisdiction of the probate of the will which created the trust,

must be complied with before he can be trustee and title to the trust property vest in him. A reading of section 30-1802, Comp. St. Supp. 1935, convinces us that such was not the intention of the legislature. This section reads: "Any person appointed trustee by any will who shall refuse to give the bond herein required or neglect to do so for twenty days after receiving notice that such bond is required shall be deemed to have declined such trust." It is evident that the failure to furnish bond does not prevent the trustee from becoming such upon the death of the testator. A failure to comply with the statute amounts only to a declination of the trust which presupposes the existence of the trustee prior thereto. We necessarily conclude that defendant was, on the date of the injury complained of, the testamentary trustee of the estate of A. R. Rizzuto and that title to the real estate included in the trust vested in defendant immediately upon the death of the testator.

It is the general rule that a "trustee is subject to personal liability to third persons for torts committed in the course of the administration of the trust to the same extent that he would be liable if he held the property free of trust." Restatement, Trusts, sec. 264. Comment *a* thereunder states the scope of the rule to be as follows: "The rule stated in this section is applicable whether the trustee committed the tort intentionally or negligently or without fault, whether his conduct consisted in action or failure to act, and whether or not he was violating his duties as trustee in acting or failing to act." We therefore conclude that the petition states a cause of action against the defendant.

The question immediately arises as to the nature of the liability and the right of the defendant to be indemnified from the trust estate. While "the trustee is personally liable to third persons for torts committed by him in the course of the administration of the trust, if the liability was incurred in the proper administration of the trust and the trustee was not personally at fault

in incurring the liability, he is entitled to indemnity out of the trust estate." Restatement, Trusts, sec. 247, comment *a*. As to whether a trustee is personally liable for the amount of a judgment in excess of the amount that the trust estate is able to pay raises another question. We are constrained to the view that, if the liability arises from the mere fact that the fee title to the trust property is in the trustee, the liability of the trustee to third persons is limited to the extent to which the trust estate is sufficient to indemnify him where he is without fault and where he is not responsible for the insufficiency of the estate to make indemnity. See Restatement, Trusts, sec. 265.

Appellee contends that the defendant cannot be sued in his capacity as trustee and for that reason the petition does not state a cause of action. The action was commenced against "Frank Rizzuto, trustee under the last will of A. R. Rizzuto, deceased." We are of the opinion that Frank Rizzuto is personally designated a defendant and that the addition of the words signifying that he was a trustee is merely *descriptio personæ* and surplusage. *Shepard v. Creamer,* 160 Mass. 496, 36 N. E. 475; *Belvin's Ex'rs v. French,* 84 Va. 81, 3 S. E. 891. We do not doubt that there are cases where the trust estate may be sued directly by one claiming damages for which the trust estate might be liable, as where the instrument creating the trust makes the trust estate liable, or where it comes within one of the recognized exceptions to the general rule. As this case is one falling within the general rule, the defendant personally is the proper defendant and we hold that he is so designated by the petition.

Appellee further contends that a landlord is not bound to keep leased property in repair unless he contracts to do so. While this is a proper statement of the general rule, a recognized exception is that a lessor is bound to exercise reasonable care in keeping premises used in connection with but not demised to the lessee reasonably safe for those having lawful occasion to use them for the

purpose for which they were intended. *Randall v. First Nat. Bank*, 102 Neb. 475, 167 N. W. 564; *Blotcky v. Gahm*, 108 Neb. 275, 187 N. W. 640; *Markussen v. Mengedoht*, 132 Neb. 472, 272 N. W. 241.

After giving the allegations of fact contained in the petition the weight to which they are entitled on general demurrer, we have come to the conclusion that the petition states a cause of action and that the trial court erred in sustaining the demurrer and dismissing the action. The judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

REVERSED.