IN RE ESTATE OF HATTIE M. CAMP.
G. E. HAGER, SUCCESSOR-TRUSTEE, APPELLANT, V. CONTINENTAL NATIONAL BANK, APPELLEE.

299 N. W. 528

FILED JULY 25, 1941. No. 31151.

*G. E. Hager,* for appellant.

*Beghtol, Foe & Rankin* and *Walter E. Nolte, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

WENKE, District Judge.

This is an appeal from an order of the district court for Lancaster county dismissing the appeal of plaintiff, G. E. Hager, successor-trustee and appellant herein, from an order of the county court of Lancaster county finding generally against appellant and in favor of the defendant, Continental National Bank of Lincoln, Nebraska, appellee herein.

This action originated in the county court of Lancaster county in the estate of Hattie M. Camp, deceased, by petition of Mable F. Stoughton, sole beneficiary of a trust created by the deceased in her behalf, asking for an accounting by both C. O. Schlytern and appellee of the assets of the trust and for the appointment of G. E. Hager as successor-trustee. On February 10, 1940, G. E. Hager was appointed successor-trustee and the matter continued in his name as such. On April 15, 1940, the county court found generally for appellee and against the appellant, and from this order the appellant appealed to the district court for Lancaster county, and it is from an order dismissing this appeal that the action is brought to this court.

The facts of this case are not in any material sense in controversy. Hattie M. Camp died and created a testa-

mentary trust in favor of Mable F. Stoughton, her daughter, and the Lincoln Trust Company was named trustee. Subsequently the appellee became successor-trustee and continued as such until January 19, 1935. On November 21, 1934, Mable F. Stoughton, the sole beneficiary, and who was under no legal disability, after discussing the matter with her husband, who was personally acquainted with C. O. Schlytern, filed her application in the county court of Lancaster county in the estate of Hattie M. Camp, deceased, asking that C. O. Schlytern be appointed as successor-trustee, and praying that appellee be required to file its final account and for an order directing the appellee to turn over to the successor-trustee all of the funds and property belonging to said trust. On November 30, 1934, appellee filed its final account and resignation, and on December 21, 1934, the sole beneficiary having filed written waiver of notice of hearing on the final report and resignation of the appellee and asking for an approval thereof, the matter was heard, and subsequently, on January 19, 1935, the county court entered its order approving the final report, accepting the resignation, appointing C. O. Schlytern successor-trustee, fixing his bond in the sum of $4,000, and directing the appellee to transfer and deliver to the said C. O. Schlytern all of the assets of the trust, and that on filing the receipt therefor the appellee be discharged. On January 29, 1935, pursuant to this order, appellee turned over all of the assets of said trust as shown in the report, and C. O. Schlytern's receipt therefor as successor-trustee was filed in said matter with the county court. No bond was ever filed by the said C. O. Schlytern as directed by the county court on January 19, 1935.

The question presented by this appeal is whether or not the appellee is liable to the beneficiary of the trust for any loss in the assets thereof which it turned over to C. O. Schlytern because of Schlytern's failure to give a bond as directed by the county court.

A determination of the question here involved requires a construction of article 18, ch. 30, Comp. St. Supp. 1939, secs. 30-1801 to 30-1803, inclusive. In the case of *Smith*

*v. Rizzuto,* 133 Neb. 655, 276 N. W. 406, in discussing this statute with reference to testamentary trustees, our court has said: "Appellee contends that the provisions of section 30-1801, Comp. St. Supp. 1935, requiring all testamentary trustees to give bond to the county court having jurisdiction of the probate of the will which created the trust, must be complied with before he can be trustee and title to the trust property vest in him. A reading of section 30-1802, Comp. St. Supp. 1935, convinces us that such was not the intention of the legislature. This section reads: 'Any person appointed trustee by any will who shall refuse to give the bond herein required or neglect to do so for twenty days after receiving notice that such bond is required shall be deemed to have declined such trust.' It is evident that the failure to furnish bond does not prevent the trustee from becoming such upon the death of the testator. A failure to comply with the statute amounts only to a declination of the trust which presupposes the existence of the trustee prior thereto. We necessarily conclude that defendant was, on the date of the injury complained of, the testamentary trustee of the estate of A. R. Rizzuto and that title to the real estate included in the trust vested in defendant immediately upon the death of the testator."

Section 30-1803, being part of the same act, is as follows: "If any trustee appointed in any will not containing a provision for perpetuating the trust shall refuse to accept the same, or shall resign, be removed or die, or if a trust be created by the will and no trustee be therein named to execute such trust a trustee may be appointed by the county court, after notice to the persons interested in such trust estate. Every trustee so appointed by the court shall be bound by the provisions of this chapter in the same manner and to the same extent as though appointed by will, and the estate so given in trust shall vest in such trustee in like manner, to all intents and purposes, as the same vested in the original trustee named in such will, and he may demand, sue for and recover from any other person holding the same any and all property belonging to such trust estate."

There being no provision in the testamentary instruments here involved for perpetuating the trust and the trustee having resigned, and notice thereof and hearing thereon having been waived by the sole beneficiary who was under no legal disability, and a successor appointed, then, by the provisions of the statute, section 30-1803: "Every trustee so appointed by the court shall be bound by the provisions of this chapter in the same manner and to the same extent as though appointed by will, and the estate so given in trust shall vest in such trustee in like manner, to all intents and purposes, as the same vested in the original trustee named in such will, and he may demand, sue for and recover from any other person holding the same any and all property belonging to such trust estate." As said in the case of *Smith v. Rizzuto, supra,* "It is evident that the failure to furnish bond does not prevent the trustee from becoming such upon the death of the testator. A failure to comply with the statute amounts only to a declination of the trust which presupposes the existence of the trustee prior thereto." Since by the provisions of this statute a trustee appointed by the court is bound by the provisions of this chapter in the same manner and to the same extent as though appointed by will, we must therefore conclude that at the time the appellee turned over the assets to its successor, which was within the twenty-day period after his appointment, his successor was the trustee and entitled to the assets of the trust.

Under the facts herein, the appellee having turned over to its successor all of the assets of the trust at a time when, under the statute, such successor was the trustee and entitled thereto, it cannot be held liable therefor, and the judgment of the district court for Lancaster county is

AFFIRMED.